## HOWARD COMPANY *v.* BALDWIN COMPANY.

## HOWARD COMPANY *v.* VALLEY GEM PIANO COMPANY.

---

TRADEMARKS; CANCELATION; REGISTRATION.

1. The name of a person or corporation is not susceptible of exclusive appropriation as a trademark. (Following *Wm. A. Rogers* v. *International Silver Co.* 34 App. D. C. 410.)

2. Priority of use of a trademark is immaterial in a cancelation proceeding, where the mark was incapable of exclusive appropriation when adopted.

3. A man's name is his own property and he has the same right to its use and enjoyment as he has to that of any other species of property, and the same rule applies to corporations. (Following *Asbestone Co.* v. *Philip Carey Mfg. Co.* 41 App. D. C. 507.)

4. The registration of the name of a party as a trademark is an invasion
   of a property right inhering in the name itself, and damage will be
   presumed.

5. Section 13 of the Trademark Act of February 20, 1905, does not alter
   in any way the right of a registrant to his trademark, but merely
   provides a new remedy in case a trademark is registered by a party
   who never had, or who has abandoned, any right thereto.   (Follow-
   ing *Stamatopoulos* v. *Stephano Bros.* 41 App. D. C. 590.)

Nos. 1201 and 1202.   Patent Appeals.   Submitted January 16, 1919.
Decided March 3, 1919.

HEARING on an appeal from a decision of the Commissioner
of Patents dismissing a petition for cancelation of a registered
trademark.                                              *Reversed.*

The facts are stated in the opinion.

*Mr. Samuel S. Watson* for the R. S. Howard Company.

*Mr. J. E. Cross* for the Baldwin Company and Valley Gem
Piano Company.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

These are cancelation proceedings brought by R. S. Howard
Company, a corporation, against the Baldwin Company, a cor-
poration.   One is to cancel the certificate of registration of a
trademark consisting of the word "Howard" registered by the
Baldwin Company on October 17, 1905, and the other is to can-
cel the certificate of registration for a trademark consisting of
the word "Howard" in connection with the initials "V G P
Co" arranged in monogram, registered by the Valley Gem
Piano Company on March 8, 1898, and now owned by the Bald-
win Company.   Both marks were registered as trademarks for
pianos.

These cases were consolidated and heard together in the Pat-
ent Office, and will be so considered here.   From the decision

of the Commissioner denying the petition, the Howard Company appeals.

It appears that appellant corporation was organized in 1902, and that for a number of years prior to that R. S. Howard, the organizer of the corporation, had been an agent for the sale of pianos for the Baldwin Company. During that period, Howard sold pianos extensively throughout the country bearing the trademark "Howard." It appears, however, that pianos similarly marked were extensively sold by the Baldwin Company through other agencies than R. S. Howard. After its organization, the Howard Company sold pianos marked on the fallboard "R. S. Howard Company," and advertised itself extensively as manufacturers of "Howard" pianos.

This resulted in a suit by the Baldwin Company against the Howard Company for unfair competition in the United States district court for the southern district of New York (233 Fed. 439), resulting in a decree restraining the Howard Company from making or selling pianos bearing the word "Howard" alone, but permitting it to use the marks "R. S. Howard Company" and "Robert S. Howard Company." The decree was affirmed by the United States circuit court of appeals (151 C. C. A. 230, 238 Fed. 154).

While an attempt was made to involve the present proceeding in that case, the court refused to interfere with its course in the Patent Office. The district judge, in his opinion, said: "I am inclined to think if this court has the power, it is inadvisable to seek to prevent the continuance of the cancelation proceedings in the office. It is plain to me that the object of these proceedings is primarily to get rid of something which constitutes an obstacle to the extension into certain foreign countries (e. g., Cuba and Uruguay) of the business of the R. S. Howard Company. I doubt whether under our law the name 'Howard,' being a not infrequent surname or place name, can be appropriated as a strict trademark. I have no doubt that the original registration in 1898 was made with the full knowledge and consent of Mr. Robert S. Howard. He admits the knowledge; the consent is implied from the course of business. But if he could

not make a strict trademark out of his own name, I am unable to see how anybody else could do it even with his consent." The circuit court of appeals, referring to the validity of the trademark registration, said: "The appellee's brief contains the following: . . . 'The matter was not pressed by either side, and therefore there is no finding about it in the decree. It was evidently the opinion of the court below that all questions concerning the validity of the registrations should be left to the cancelation proceedings instituted by the R. S. Howard Company in the Patent Office and now about to come to final hearing there.' We are inclined to think that the court was not called upon to hear what were practically moot questions not essential to a decision, and which, even if decided according to the appellant's contention, would not affect the controlling question in the least."

The court decisions can be dismissed from further consideration, since they were confined solely to the question of unfair competition, a matter of no concern in this proceeding, either by way of estoppel or otherwise. We are here dealing with the validity of the registration of the marks in question, in a proceeding in which the Commissioner of Patents is vested by statute with exclusive jurisdiction. Section 13 of the Trademark Act of February 20, 1905, provides "that whenever any person shall deem himself injured by the registration of a trademark in the Patent Office he may at any time apply to the Commissioner of Patents to cancel the registration thereof. The Commissioner shall refer such application to the examiner in charge of interferences, who is empowered to hear and determine this question and who shall give notice thereof to the registrant. If it appear after a hearing before the Examiner that the registrant was not entitled to the use of the mark at the date of his application for registration thereof, or that the mark is not used by the registrant, or has been abandoned, and the Examiner shall so decide, the Commissioner shall cancel the registration. Appeal may be taken to the Commissioner in person from the decision of the Examiner of Interferences." [33 Stat. at L. 728, chap. 592, Comp. Stat. 1916, § 9498, 9 Fed.

Stat. Anno. 2d ed. p. 779.] Section 5 of the same act, as amended by the Act of March 2, 1907, among other things, forbids the registration of a "mark which consists merely in the name of an individual, firm, corporation, or association, not written, printed, impressed, or woven in some particular or distinctive manner or in association with a portrait of the individual." [34 Stat. at L. 1251, chap. 2573, Comp. Stat. 1916, § 9490, 9 Fed. Stat. Anno. 2d ed. p. 753.]

Unquestionably, the Baldwin Company was the first to make a trademark use of the word "Howard," but in our view of the case that is of no importance. The sole question here is, Was the Baldwin Company entitled to the exclusive use of this mark on the date of its application for registration? If not, has the Howard Company been injured by the registration of the mark? The right to register the name of a person or corporation, except under conditions not present in either of these cases, is expressly forbidden. *Wm. A. Rogers* v. *International Silver Co.* 34 App. D. C. 410. The mark in the Baldwin case and the dominating feature of the mark in the Valley Gem case is not only a common surname, but the name of appellant corporation, either of which is sufficient to prohibit the right of registration or to form the basis of an action for cancelation. As was said by Mr. Chief Justice Fuller in *Howe Scale Co.* v. *Wyckoff, Seamans & Benedict,* 198 U. S. 118, 134, 49 L. ed. 972, 984, 25 Sup. Ct. Rep. 609: "But it is well settled that a personal name cannot be exclusively appropriated by anyone as against others having a right to use it; and as the name 'Remington' is an ordinary family surname, it was manifestly incapable of exclusive appropriation as a valid trademark, and its registration as such could not in itself give it validity. *Brown Chemical Co.* v. *Meyer,* 139 U. S. 540, 35 L. ed. 247, 11 Sup. Ct. Rep. 625; *Singer Mfg. Co.* v. *June Mfg. Co.* 163 U. S. 169, 41 L. ed. 118, 16 Sup. Ct. Rep. 1002; *Elgin Nat. Watch Co.* v. *Illinois Watch Case Co.* 179 U. S. 665, 45 L. ed. 365, 21 Sup. Ct. Rep. 270."

It will be observed that the statutory prohibition relates back to the date of adoption. If it was then "incapable of exclusive appropriation," its validity may be assailed by anyone possess-

ing the right.   The question of priority of use is immaterial if no right to the use ever existed.   As this court said in *Asbestone Co.* v. *Philip Carey Mfg. Co.* 41 App. D. C. 507, 509:   "The statute takes from the realm of possible registration the name of an individual, firm, corporation, or association, except under conditions not existing in this case.   This limitation is founded upon sound principles of public policy.   'A man's name is his own property, and he has the same right to its use and enjoyment as he has to that of any other species of property.'   *Brown Chemical Co.* v. *Meyer,* 139 U. S. 540, 35 L. ed. 247, 11 Sup. Ct. Rep. 625.   The same rule applies to a corporation.   'That the name of a corporation is an essential part of its being, and that the courts, independent of statutory provision, will protect the corporation in the use of its name, seems to be well settled by the authorities, and the controlling principles in such a case are those applicable to trademarks.'   *Investor Pub. Co.* v. *Dobinson,* 72 Fed. 603.   The converse is equally true.   Had appellee been using the mark when appellant incorporated, it could not, by mere adoption of the name, have created an exclusive right to its use.   *Goodyear's India Rubber Glove Mfg. Co.* v. *Goodyear Rubber Co.* 128 U. S. 598, 32 L. ed. 535, 9 Sup. Ct. Rep. 166."

It follows that, at the date of the adoption of the mark by both the Valley Gem and Baldwin Companies, the word "Howard" was a surname in common use, and not available to either, for registration as a trademark.   But the statute goes further, and requires that the registrant must be entitled to the use of the mark at the date of his application for registration thereof. When the Baldwin Company applied for the registration of the word "Howard," the Howard Company was in existence and a direct competitor of applicant in the piano business.   Hence, the registration of its competitor's name was sought and secured in direct violation of the express terms of the statute.

But it is said that the Howard Company has not shown that it has been injured by the registration of its name.   The element of damage enters into the right to challenge the registration of a technical trademark either in an opposition or a can-

celation proceeding. In either case, the complaining party must show that he would be damaged unless the relief sought is granted. But, where the party is seeking to prevent the adoption of his name as a trademark or the cancelation of its registration, his action is grounded upon the invasion of a property right inhering in the name itself, and damage will be presumed. As we said in the *Asbestone Case,* supra: "It is not the business which the statute in this particular aims to protect. It is the corporate name, and it is sufficient that possible damage may be inferred from invading the property right which the corporation possesses in its name."

Section 13 of the Act of 1905 provides a remedy which applies to registrations existing at the date of its passage, as well as to registrations made subsequent to its enactment. In *Black Betsy Coal & Min. Co.* v. *W. J. Hamillon Coal Co.* 197 Off. Gaz. 998, Commissioner Ewing said: "I see no reason why § 13 of the Trademark Act of 1905 should not be held to apply to trademarks registered under the earlier act. Section 13 does not alter in any way the right of a registrant to his trademark, but merely provides a new remedy in case a trademark is registered by a party who never had or who has abandoned any right thereto. The language in sec. 13 is broad enough to cover registrations under the earlier act, and there is no reason for limiting its plain meaning."

The same interpretation was placed upon the statute by this court in *Stamatopoulos* v. *Stephano Bros.* 41 App. D. C. 590, where we said: "The registration of trademarks is regulated entirely by statute. There is no such property right acquired by registration as either forbids regulation or abolition by a subsequent act of Congress. Section 13 relates entirely to procedure in the Patent Office. The Act of 1881 did not provide for challenging a registration by a proceeding for cancelation. The Act of 1905 for the first time furnished this speedy and sensible remedy. Being merely remedial, and a matter of procedure, it was within the power of Congress to make it apply to all marks registered in the Patent Office. Intention to make it apply only to future marks is not indicated in the later act.

Neither do we find anything to that effect in the saving clause in sec. 30 of the act. Provision as to cancelation did not exist in the prior acts, hence the saving clause in the later act could have no reference to that subject."

The decision of the Commissioner of Patents is reversed, and the clerk is directed to certify these proceedings as by law required.                                    *Reversed.*

A petition for rehearing was denied March 29, 1919, and the opinion and judgment withheld pending decision of the Supreme Court of the United States on petition for a writ of certiorari.