30 C.C.P.A.(Patents)

### In re SEARS, ROEBUCK & CO.

### Patent Appeals No. 4644.

Court of Customs and Patent Appeals.

Dec. 1, 1942.

Frank H. Marks, of Chicago, Ill. (Ivan P. Tashof, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Clarence W. Moore, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Commissioner of Patents, speaking through the First Assistant Commissioner, affirming that of the Examiner of Trade-Marks denying appellant's application, filed under the Trade-Mark Act of February 20, 1905, 15 U.S.C.A. § 81 et seq., for the registration of a mark for use on shoes. The mark may be briefly described as consisting of a fanciful representation of a man's bust, under which are written, in the style and size of handwriting similar to that used in the closing of a letter, the words "Thriftily yours Bob Burnham."

The tribunals of the Patent Office did not agree fully upon certain matters discussed in their respective decisions, but did agree as to the basic ground upon which the rejection was based, which was to the effect that the name "Bob Burnham" is the dominant feature of the mark and is not distinctively displayed. It was, therefore, held to fall within the inhibition prescribed in the second proviso of section 5(b) of the act, reading, in part, as follows: "That no mark which consists merely in the name of an individual, firm, corporation, or association not written, printed, impressed, or woven in some particular or distinctive manner, or in association with the portrait of the individual * * * shall be registered under the terms of this Act [subdivision of this chapter]."

It is agreed that the portrait or drawing constituting a feature of the mark is fanci-

ful; that is, it is not and does not purport to be the portrait of any particular individual. It is also agreed that Burnham is a common surname and that the written notation "Thriftily yours Bob Burnham" is not shown to have been written by, or to be the signature of any person whose name is Bob Burnham, the brief on behalf of appellant stating that "the name was not selected because it identified anyone in particular."

So, the case presents a situation wherein the applicant seeks to register in conjunction with a picture which is not a portrait of any one connected with the applicant company—in fact, not a portrait of any individual—a name which, while a common name, is not the name of any person shown to be connected with the applicant company, the registration being sought under the Trade-Mark Act of February 20, 1905. (The examiner indicated in this case that he would regard the mark entitled to registration under provisions of the act of March 19, 1920, 41 Stat. 535, § 9, 15 U.S. C.A. § 85(b).

It appears from the record that numerous registrations of marks of the general character of that here involved have been granted under the 1905 act by the tribunals of the Patent Office to various parties. A conspicuous example is registration No. 351,948 for shoes, registered November 16, 1937, in the name of the same company which is applying here. The mark there consists of a fanciful bust portrait (that is, it is not the portrait of any individual) and the written words "Sincerely yours Sandy Nevin" arranged quite similarly to that of the mark here involved, the name "Sandy Nevin," as we understand it, not identifying any particular individual. Various other registrations of the same general type were included in the record but need not be particularly described. Some of the registrations cited appear to have been granted recently—indeed some of them seem to have been granted during the pendency of the instant application and others subsequent to the commissioner's decision (May 13, 1941) in this case. For example, appellant cites the decision of the First Assistant Commissioner, rendered October 14, 1942, in the case of Procter & Gamble Co. v. Weiss Noodle Company, 55 U.S.P.Q. 195, in which registration was granted of a mark described in the decision as consisting of "notation 'Ma Perkins,' displayed in reverse lettering upon a red scroll, in associa-

tion with a picture of the head and face of an old lady wearing spectacles," the First Assistant Commissioner being of the opinion that the name was distinctively displayed.

On the other hand, the briefs before us cite decisions of the Commissioner of Patents, some of recent dates, denying registrations wherein the descriptions indicate that the rejected marks were of the type of the mark here involved. So, it would seem that the Patent Office practice with regard to the registration of the class of marks described cannot be said to have been strictly uniform.

The decision of the Commissioner in the instant case states: "Counsel for applicant calls attention to a long list of registered marks, and marks published for registration, which he contends are equally objectionable. As to many of these marks I am constrained to agree with counsel. But while such errors and inconsistencies as those he points out are regrettable, they add nothing to the registrability of applicant's mark."

The practice which has been followed in the Patent Office with respect to marks of the type of that under consideration comprises the only authority which has been brought to our attention relative to the subject. No decision by any court was cited, nor have we found any by independent research, involving the registrability of a mark composed of a fanciful portrait associated with the name of an unidentified person. (The "name" provision of the act has been often before the courts, as hereinafter pointed out, but not with reference to marks like that at bar.) The decisions in the Patent Office, so far as we can determine, have been more or less arbitrary. That is to say they have turned largely upon the view of the particular tribunal passing upon them relative to whether, in the particular case under consideration at the time, the name was (in the words of the statute) "written, printed, impressed, or woven in some particular or distinctive manner." In some instances the tribunal has been of the opinion that the name was so treated while in others the tribunal has been of a different view.

We find nothing in the Trade-Mark Registration Act of February 20, 1905, which inhibits the registration of a mark consisting of a representation, or photograph, of the bust of a fanciful, or "imagined," person in association with the name of an in—

dividual not identified (although the name may be a common one) simply because of the per se *type or character of such a mark.* What recourse an individual bearing the name so used might have by way of opposition or cancellation proceedings in the Patent Office, or by a proceeding in equity instituted in the courts is not a matter of concern in the instant case, since this is a proceeding ex parte.

As we view it, the situation presented in the instant case is partly analogous to that which would arise in the case of a person seeking to register his own name as a technical trade-mark, and to a certain extent the same test should be applied.

There is, however, a distinction to be noted. The proviso to section 5(b) above quoted inhibits the registration of a mark consisting merely of the name of an individual unless written, printed, impressed, or woven in some particular or distinctive manner, or in association with a portrait of *the* individual, but the last proviso of the section (introduced into the act by amendment in 1911, 36 Stat. 918, 15 U.S.C.A. § 85(b) reads "That nothing herein shall prevent the registration of a trade-mark *otherwise registerable* because of its being the name of the *applicant* or a portion thereof." (Italics ours.)

In the case of In re Nisley Shoe Co., 58 F.2d 426, 19 C.C.P.A., Patents, 1211, upon which the First Assistant Commissioner relied in part in the instant case, the applicant was seeking to register the notation "Nisley's" as a trade-mark for shoes and hosiery, the notation being in the possessive form of the surname of the president of the applicant company. We there pointed out that there is a seeming conflict between the two provisos embraced in section 5(b) of the 1905 act, heretofore quoted, and construed them in the light of the legislative history, holding, in substance, that the latter proviso (which was not introduced into the act until 1911, 36 Stat. 918) was not intended to render registrable even the name of an applicant, unless the requirement as to distinctive display embraced in the earlier proviso was met.

We were there considering solely the right of an applicant company to register what, in effect, was a part of its own name as a technical trade-mark, and held that it might not do so because the arrangement of the name failed to meet the requirement for distinctiveness.

In the instant case the applicant is not seeking to register a part of its own name, nor, so far as the record shows, the name of a person having any connection with it and, it may be added, the name is not presented in association with the portrait of any known individual. We think it clear that unless the name feature of the mark be held to meet the requirement as to distinctiveness its registration was properly denied.

■ The contention of appellant's counsel to the effect that the mark should not be dissected and that when considered as a whole it does not "consist 'merely in the name of an individual'" has been carefully considered in connection with the authorities cited. It is true that the mark at issue in its entirety embraces more than the name "Bob Burnham" and that the courts have often stated the general rule that marks should not be dissected, but there is another well-settled rule which must be applied, viz., that in considering the registrability of a composite mark it is proper and necessary to determine its dominant feature. Strictly speaking, this is determined by analysis, rather than by "dissection," as is suggested in the brief of the Solicitor for the Patent Office before us in this case, wherein are cited numerous decisions of this court in which analyses have been made to determine which portion of a mark would be considered by purchasers as the dominant feature indicating origin.

A recent case in point is that of Langendorf United Bakeries, Inc., v. General Foods Corp., 125 F.2d 159, 161, 29 C.C.P.A., Patents, 831, wherein we quoted from our prior decision in the case of Frankfort Distilleries, Inc., v. Kasko Distillers Products Corporation, 111 F.2d 481, 27 C.C.P.A., Patents, 1189, as follows: "If the purchaser of trade-marked goods would be more likely to remember one part of a mark than another part as indicating origin of the goods, such word is the dominant part of the mark under the decisions above cited."

In the Nisley Shoe Co. case, supra [58 F.2d 427, 19 C.C.P.A., Patents, 1211] we said: "We are of the opinion that the proper construction of the words 'particular or distinctive manner' in the proviso of section 5 referred to is that the word or words constituting the mark shall be written, printed, impressed, or woven in such a manner as to form a distinct impression upon the eye of the observer, to the extent

that he will remember such particular or distinctive form and rely upon it, in part at least, in ascribing origin of the goods to which the mark is applied."

█ In the instant case we think it clear that the notation "Bob Burnham" is the dominant feature of the mark in the indication of origin of the shoes to which the mark is applied and since it is the name of an individual we are of opinion that to be registrable it must be found to be "written, printed, impressed, or woven in some particular or distinctive manner."

We are further of opinion that it is not distinctively displayed within the true meaning of the clause quoted. There is nothing unusual about the manner in which the notation "Thriftily yours Bob Burnham" is written or arranged.

It is true that it is handwritten but that is not uncommon and it should be borne in mind that the record does not show that it is the handwriting of any person named Burnham.

In the brief before us counsel for appellant directs attention to an expression used by us in our decision in the case of J. B. Williams Co. v. Ernest W. Williams, 48 F.2d 398, 18 C.C.P.A., Patents, 1133, intimating, but not holding, that the *autographic* forming of a name might overcome the general negative of the proviso in section 5(b), above quoted, and suggests that the instant case "furnishes an opportunity" for a definite ruling on the point. Since the signature involved in this case does not purport to be the *autographic* signature of any person by the name of Burnham, it is evident that any ruling in that respect would be obiter and we refrain from making one.

We deem it proper to say that in referring to the various marks of the type at issue here and the actions thereon by the tribunals of the Patent Office we have done so only for the purpose of showing what the practice has been. The right of registration in the instant case may not be determined by the actions had in those cases.

Numerous cases other than those above cited have been brought to our attention and examined during our consideration of the issue here but we find nothing in them requiring their review.

For the reasons stated, the decision appealed from is affirmed.

Affirmed.