**SEARS, ROEBUCK & CO. v. WATSON.**

No. 11454.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 27, 1953.

Decided March 12, 1953.

Mr. C. Willard Hayes, Washington, D. C., with whom Mr. Frank H. Marks, Chicago, Ill., was on the brief, for appellant.

Mr. Joseph Schimmel, Atty., U. S. Patent Office, with whom Mr. E. L. Reynolds, Sol., U. S. Patent Office, was on the brief, for appellee.

Before PROCTOR, FAHY and WASHINGTON, Circuit Judges.

FAHY, Circuit Judge.

Sears, Roebuck and Co., the appellant, in 1908 adopted as a trade-mark for sporting goods "J C Higgins", not written, printed, impressed or woven in any particular or distinctive manner, and has used it extensively. In 1948 the Company applied to the Patent Office for registration of the mark, expressly negativing that the application was under Section 2(f) of the Act, Lanham Trade-Mark Act, 60 Stat. 429, 15 U.S. C. § 1052(f) (1946), 15 U.S.C.A. § 1052(f), which authorizes registration of a mark which "has become distinctive of the applicant's goods in commerce." This left for decision whether the mark was not registrable by reason of Section 2(e) because

it was "primarily merely a surname."[1] Following a well-considered opinion of the Examiner-in-Chief the Patent Office refused registration, on the ground that "adding the initials to the surname does not change the mark as a whole from being primarily merely a surname." The Company then filed its complaint in the District Court pursuant to Rev.Stat. § 4915.[2] The court, Judge Keech sitting, after a hearing found that the mark "has as its foundation only the surname Higgins", "is clearly dominated thereby", and is primarily merely a surname.[3] The complaint accordingly was dismissed.

. The Trade-Mark Act of 1905, 33 Stat. 726 (1905), as amended 43 Stat. 647 (1924), prohibited registration if the mark "consists merely in the name of an individual * * * not written, printed, impressed, or woven in some particular or distinctive manner * * *." Section 5, 33 Stat. 726 (1905). This was held to preclude registration when the mark did consist of something more than such a name if in fact the name was its dominating characteristic. Howard Co. v. Baldwin Co., 1919, 48 App.D.C. 437, 441. In In re Sears, Roebuck & Co., 1942, 132 F.2d 341, 343, 344, 30 C.C.P.A., Patents, 710, 713–714, the mark consisted of a man's bust underneath which, in the style of handwriting, were the words "Thriftily yours Bob Burnham". In cancelling registration the court said:

"* * * It is true that the mark at issue in its entirety embraces more than the name 'Bob Burnham' and that the courts have often stated the general rule that marks should not be dissected, but there is another well-settled rule which must be applied, viz., that in considering the registrability of a composite mark it is proper and necessary to determine its dominant feature. * * *"

Being clearly of the opinion that "Bob Burnham", the name of an individual, was the mark's dominating feature, the court held that to be registrable it must be found to be "written, printed, impressed, or woven in some particular or distinctive manner". Section 5, 33 Stat. 726.

Appellant points to the change in statutory language. The previous language denied registration to "merely * * * the name of an individual" instead of, as now, to "primarily merely a surname." As to the significance of the change appellant points also to the legislative history of the present Act to the effect that Congress intended "to simplify registration and to make it stronger and more liberal". 1946 U. S. Code Cong.Serv. 1274. As we read the legislative history, however, it indicates that this change was principally to eliminate an interpretation of the earlier language which had prevented registration of words such as "Cotton", "King", et cetera, which, while the names of individuals, were not primarily so. The intention also was to avoid a test whereby if the surname could be found as that of an individual in a telephone book or city directory it was unregistrable. Thus in The American Tobacco Co. v. Wix, 1933, 62 F.2d 835, 20 C.C.P.A., Patents, 835, the surname "Wix", while rare, was refused registration because the name of an individual. As was testified in the hearings on the 1946 Act,

1. "No trade-mark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—
    *     *     *
  "(e) Consists of a mark which * * * (3) is primarily merely a surname." 60 Stat. 429, 15 U.S.C. § 1052(e) (3) (1946), 15 U.S.C.A. § 1052(e) (3).

2. Rev.Stat. § 4915 (1875), as amended, 35 U.S.C. § 63 (1946), has been repealed by Section 5, Act of July 19, 1952, c.

950, 66 Stat. 815. It has been replaced by 66 Stat. 803, 35 U.S.C.A. §§ 145, 146.

3. The court so ruled as matter of law, without regard to evidence offered to show that the initials were considered significant by purchasers and customers. Even if the offered evidence were considered the result we reach would not be altered. We would not feel warranted, therefore, in remanding for consideration of such evidence by the District Court. O'Leary v. Brown-Pacific-Maxon, 1951, 340 U.S. 504, 508, 71 S.Ct. 470, 95 L.Ed. 483.

"* * * There is somewhere on the earth's surface some person who has any name that you can possibly think of. The result is that if literally interpreted that provision in the present [1905] act prohibits the registration of nearly any word that anybody can think of."

Hearings before the Committee on Patents, Subcommittee on Trade-Marks, House of Representatives on H. R. 4744, 76th Cong., 1st Sess. 40 (1939). After considerable testimony directed to this problem the word "primarily" was added, undoubtedly to avoid exclusion from registration of a word which was primarily not a surname but which could be found as the name of an individual. See Ooms, How The Lanham Act Affects Trade-Marks, 37 T.-M.Rep. 383, 384 (1947); Derenberg, Threshold of The Lanham Trade-Mark Act, 37 T.-M.Rep. 297, 302 (1947); Robert, The New Trade-Mark Manual, p. 61; Diggins, The Lanham Trade-Mark Act, 35 Georgetown L.J. 147, 159-60 (1947); Killips, The New Trade-Mark Registration Statute, 42 Ill.L.R. 204, 212-13 (1947).

It also appears from the hearings that the expression "the name of a particular person" was rejected as an inadequate standard for barring registration because it might exaggerate the difficulty above referred to. Hearings, supra, pp. 19 and 41. Instead, "surname", modified by "primarily merely" was adopted. The use of the particular word "primarily" prevents registration under Section 2(e) of a word used primarily as a surname, such as "Johnson", rather than, for example, to describe a plant, such as "cotton", though found sometimes as a surname.

"Higgins", without the initials, is thus primarily a surname, and therefore unregistrable under Section 2(e). It has no other usage and is not so rare as not to be primarily a surname. Furthermore, under the 1905 Act "J C Higgins" alone, being "merely * * * the name of an individual," also would have been unregistrable. Section 5, 33 Stat. 726. Should a different result now follow on the theory that the two initials prevent "J C Higgins" from being merely, or primarily merely, a surname and make it an entire name? Under the new wording the Patent Office has registered "Andre Dallioux", Ex parte Dallioux, 83 U.S.P.Q. 262 (1949), giving operative effect to the change in language. It ruled that "Andre Dallioux" was neither merely, nor primarily merely, a surname but was the entire name of an individual.[4] The decision indicates, however, that its guiding principles would not apply if the surname were unduly emphasized or otherwise constituted the only significant part of a mark, citing Beckwith's Estate v. Com'r of Patents, 1920, 252 U.S. 538, 40 S.Ct. 414, 64 L.Ed. 705. The Examiner-in-Chief in the present case, noting the Dallioux ruling, turned to the question whether the surname in "J C Higgins" is unduly emphasized and the only significant part of the mark; that is, whether the mark should be characterized as primarily merely a surname notwithstanding the initials. Relying in part upon the reasoning in Thaddeus Davids Co. v. Davids, 1914, 233 U.S. 461, 34 S.Ct. 648, 58 L.Ed. 1046, where in an infringement action "C. I. Davids" was held a simulation of the mark "Davids" in somewhat larger type, he answered in the affirmative. We agree with his view and with the court below that the initials are not sufficient to prevent the mark from consisting of "primarily merely a surname." Even if it could be said, contrary to the reasoning of earlier cases such as Howard Co. v. Baldwin Co., and In re Sears, Roebuck & Co., supra, that "J C Higgins" is not merely a surname, it is principally merely a surname and, therefore, primarily merely so.[5]

4. There the individual whose name it was had consented to registration, as required. Such consent has also been given in the case at bar.

5. The intention of Congress to liberalize the law is not defeated. Such intention is carried out. For example, the old law was changed so as not per se to prohibit registration of "individual, firm, corporation or association" names. The term "surname" applies only to individuals and so the name of a corporation, firm or association is not now unregistrable merely because it is such a name. Fur-

Without prejudice to any application which might be filed for registration under Section 2(f), supra, the judgment below is Affirmed.

thermore, there was previously no property right in the name itself but only in the distinctive design in which it was embodied. This is not now the case. Compare 33 Stat. 726 (1905), supra, with

Section 2(e) (3) of the 1946 Act, n. 1, supra. And, as we have seen, the telephone book or city directory test is eliminated.