40 C.C.P.A.(Patents)

## Application of I. LEWIS CIGAR MFG. CO.

### Patent Appeals No. 5943.

United States Court of Customs and Patent Appeals.
June 24, 1953.

Hauff & Warland and James M. Mason, New York City, for appellant.

E. L. Reynolds, Washington, D. C. (H. S. Miller, Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Judges.

WORLEY, Judge.

This is an appeal from the decision of the Commissioner of Patents affirming the rejection by the examiner of the application for registration filed December 5, 1947, under the provisions of section 2(e) of the Lanham Act, Trade-Mark Act of 1946, of the notation "S. Seidenberg & Co's." Registration was denied on the ground that the mark sought to be registered was primarily merely a surname within the meaning of the involved section.

The pertinent portions of that section read as follows:

Sec. 2. "Trade-marks registrable on the Principal Register

"No trade-mark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—* * *. (e) Consists of a mark which, * * * (3) is primarily, merely a surname." 60 Stat. 428, 15 U.S.C.A. § 1052.

The record reflects that the mark has been used continuously by the applicant and its predecessors since prior to 1899; that it was originally registered under the Trade-Mark Act of 1905, as amended, on June 12, 1934 (T.M. 313,810); and that it was republished under the provisions of the Lanham Act, supra, January 18, 1949. The mark, which appears to be printed in Old English or a modified Black Letter type, is applied to applicant's cigars by being printed on wrappers enclosing the cigars and also on labels pasted on the cigar boxes.

The examiner refused registration on the ground that the word "Seidenberg" constituted the dominant and significant feature of the mark and relied on the decision in the case of Ex parte Sears, Roebuck & Co., 87 USPQ 400, affirmed Sears, Roebuck & Co. v. Watson, 1953, D.C.Cir., 204 F.2d 32.

Upon appeal to the commissioner, the appellant renewed its contention that the involved mark could not be classified as being primarily merely a surname because the additions of the single initial and the terminal portion "& Co's." together with the distinctive fashion in which they are printed, were sufficient to remove the mark from that category.

The commissioner, in rejecting those contentions, stated

"In the Sears, Roebuck and Co. case relied upon by the examiner, it was held that the term 'J. C. Higgins' was unregistrable because the addition of initials to the surname does not change the mark as a whole from being primarily merely a surname. It is my view that in the present case 'S. Seidenberg' without the terminal portion '& Co's.' would be clearly unregistrable as a trade-mark because it is *primarily* merely a surname for the same reasons stated in the Sears, Roebuck and Co. decision, and I am further of the opinion that the addition of the expression '& Co's.' adds nothing distinctive in the applicant's mark since it has been the uniform practice to ignore such expressions on the theory that they do not serve to identify any particular company. The possessive form in which the expression '& Co's.' appears is considered of no significance in this regard any more than if the 'S' had been appended to the surname 'Seidenberg.'" (Italics quoted.)

It appears that the two leading cases which have emerged as a result of the interpretations of the instant paragraph by the Patent Office are Ex parte Dallioux, 83 USPQ 262, and Ex parte Sears, Roebuck & Co., supra. In the former, the mark "Andre Dallioux" was allowed on the theory that it was the full name [1] of the applicant and, therefore, consisted of something more than primarily merely a surname.

In the Sears, Roebuck & Co. case, supra, the notation "J. C. Higgins" was denied registration on the theory that the word "Higgins" was the dominant part of the mark and that the addition of the initials did not prevent that mark from being considered to be primarily merely a surname.

It seems to us that the Patent Office, in the difficult task of fairly interpreting the involved section, has adopted an inconsistent standard in its consideration of the two marks cited above. It would appear that had the reasoning employed in the Higgins case; namely, that "Higgins" constituted the dominant part of that mark, been consistently employed, then that reasoning, when applied to "Andre Dallioux," would necessarily have resulted in its re-

1. Not literally correct since the full name was Andre Julien Dallioux.

jection because "Dallioux" is, in our opinion, the dominant part of that mark.

Conversely, it seems to us that the initials in the *Higgins* mark should have received equal consideration to that given "Andre" in the *Dallioux* mark. We strongly doubt that Congress intended such a decisive distinction to be made between initials and given names in determining whether a mark is primarily merely a surname.

Here, however, the mark before us is different from both of the above marks.

This case was first argued January 16, 1953. At the conclusion thereof there was a substantial doubt in our minds as to exactly what Congress intended by the language employed in section 2(e). Since, in our opinion, there was some degree of ambiguity in that language, and since the instant case is one of first impression in this court, reargument, with particular reference to Congressional intent, was requested. Reargument was had on May 15, 1953. Despite able presentation by counsel, however, Congressional intent was not clearly established. Even if we would be justified in accepting the testimony of interested witnesses before the committee having charge of the involved legislation, here that testimony is inadequate.

Turning then to what we consider to be the ordinary meaning of the words used in section 2(e), we refer to the case of Beckwith's Estate, Inc. v. Commissioner of Patents, 252 U.S. 538, 40 S.Ct. 414, 64 L.

Ed. 705, 1920 C.D. 471. In that case the word "merely" was held to be synonymous with "only." Applying that definition here, is the notation "S. Seidenberg & Co's." merely or only a surname? Literally it is something more than that. However, is it primarily [2] only a surname?

It seems to us that "Seidenberg" is clearly a surname which can have no other meaning or significance than that of a surname. Nor do we believe that the addition of the single initial is sufficient to remove it from that category. Further, the addition of the expression "& Co's.," whether it be in the abbreviated and possessive form present here, or in the usual form, cannot be held to distinguish or relate to anything except the surname "Seidenberg."

It is our conclusion, therefore, that the action of the Patent Office in holding that the involved mark was not more than primarily merely a surname, within the meaning of section 2(e), was correct.

We note the statement of the commissioner that the mark of the applicant might well qualify for registration under the provisions of section 2(f) of the Lanham Act.[3] We see nothing in the record before us which might cause us to have any different view from that expressed by the commissioner.

The decision of the Commissioner is affirmed.

Affirmed.

2. Webster's New International Dictionary, Second Edition, Unabridged, 1949: "primarily, *adv*. In the first place; originally, pre-eminently; fundamentally; as, an action *primarily* based on policy. "primary, *adj*. * * * 1. First in order of time or development or in intention; primative; fundamental; original; initial. * * *"

3. Sec. 2(f) "Except as expressly excluded in subsections (a), (b), (c), and (d) of this section, nothing herein shall prevent the registration of a mark used by the applicant which has become distinctive of the applicant's goods in commerce. The Commissioner may accept as prima facie evidence that the mark has become distinctive, as applied to the applicant's goods in commerce, proof of substantially exclusive and continuous use thereof as a mark by the applicant in commerce for the five years next preceding the date of the filing of the application for its registration." 15 U.S.C.A. § 1052.