THIS OPINION IS A PRECEDENT
OF THE T.T.A.B.

Hearing:                          Mailed:
January 19, 2010                  June 11, 2010

**UNITED STATES PATENT AND TRADEMARK OFFICE**
————————

**Trademark Trial and Appeal Board**
————————

In re P.J. Fitzpatrick, Inc.
————————

Serial No. 77256618
————————

Timothy D. Pecsenye of Blank Rome LLP for P.J. Fitzpatrick, Inc.

Kimberly Frye, Trademark Examining Attorney, Law Office 113 (Odette Bonnet, Managing Attorney).
————————

Before Kuhlke, Walsh and Bergsman, Administrative Trademark Judges.

Opinion by Bergsman, Administrative Trademark Judge:

This appeal from the final refusal of the Trademark Examining Attorney involves Section 2(e)(4) of the Trademark Act of 1946, 15 U.S.C. §1052(e)(4), which precludes registration of a mark that is "primarily merely a surname." P.J. Fitzpatrick, Inc. seeks to register the mark P.J. FITZPATRICK, INC., in standard character form, for "roofing services; installing siding; installation of doors and windows; building construction services; construction, maintenance and renovation of property; installation of gutters and gutter systems," in Class 37.

The statute provides that registration should be refused if the proposed mark is "primarily merely a surname." "Merely" is synonymous with "only," and "primarily" refers to "first in order" or "fundamentally." Thus, we must determine whether P.J. FITZPATRICK, INC. is fundamentally only a surname. *In re I. Lewis Cigar Mfg. Co.,* 205 F.2d 204, 98 USPQ 265, 267 (CCPA 1953). We must consider the mark as a whole (*i.e.,* in its entirety) and determine whether the addition of the initials "P.J." and the entity designation "INC." to "FITZPATRICK" creates a mark that is more than a surname: in other words, whether these additions remove the subject matter at issue - - P. J. FITZPATRICK, INC. - - from being primarily merely a surname. It "is that impact or impression [how the mark is perceived] which should be evaluated in determining whether or not the primary significance of a word when applied to a product is a surname significance. If it is, *and it is only that,* then it is primarily merely a surname." *In re Harris-Intertype Corp.,* 518 F.2d 629, 186 USPQ 238, 239 (CCPA 1975), *quoting, Ex parte Rivera Watch Corp.,* 106 USPQ 145, 149 (Comm'r 1955). In other words, we must determine the primary significance of P.J. FITZPATRICK, INC. to the purchasing public. *Michael S. Sachs Inc. v. Cordon Art B.V.,* 56 USPQ2d 1132, 1136 (TTAB 2000).

There is no doubt that FITZPATRICK alone is primarily merely a surname. There is also no doubt that P.J. FITZPATRICK, INC. is clearly more than just a surname. However, the issue is whether the proposed mark, under the law, is primarily (*i.e.,* fundamentally) only a surname. The law is settled that the mere addition to a surname of an entity designation such as "INC." does not transform the surname into a mark. *See Lewis Cigar,* 98 USPQ at 267 ("the addition of the expression '& Co's.,' whether it be the abbreviated and possessive form present here, or in the usual form, cannot be held to distinguish or relate to anything except the surname 'Seidenberg.'"). In contrast, the addition to FITZPATRICK of the leading initials P.J. is more significant. We note that a segment of American society uses initials rather than given names.[1] In this regard, we many well-known people in a wide variety of endeavors use initials in lieu of a given name. Examples include: e. e. cummings, H.L. Mencken, W.C. Fields, P.T. Barnum, H.R. Haldeman, H.L. Hunt, J.P. Morgan,

---

[1] The Little Giant Encyclopedia of Names, p. 20 (1999; What's In A Name? . . . Everything You Wanted To Know, pp. 75-76 (1989). The Board may take judicial notice of dictionaries and standard reference works. *B.V.D. Licensing Corp. v. Body Action Design Inc.,* 846 F.2d 727, 6 USPQ2d 1719, 1721 (Fed. Cir. 1988) (dictionary definitions and encyclopedias); *Sprague Electric Co. Electrical Utilities Co.,* 209 USPQ 88, 95 n.3 (TTAB 1980) (standard reference works). Moreover, it is common knowledge that some persons use initials in lieu of a given name.

J.C. Penney, J.D. Salinger, E.G. Marshall, K.D. Lang, C.C. Sabathia, T.S. Eliot, O.J. Simpson, I.M. Pei, Y.A. Tittle, P.J. O'Rourke and P.J. Carlesimo. We find that in this case the initials P.J. coupled with FITZPATRICK would be perceived as the given name. Thus, P.J. FITZPATRICK, INC. cannot be primarily merely a surname because it comprises an entire personal name, not "merely" a surname.

In *Lewis Cigar*, the court essentially stated that there should be no distinction between marks consisting of two initials coupled with a surname and marks consisting of a given name coupled with a surname, in terms of finding one coupling to be primarily merely a surname and the other not. The court discussed earlier cases involving "ANDRE DALLIOUX," which was allowed to register, and "J C HIGGINS," which was denied registration because it was found to be primarily merely a surname. The court went on to note, "it seems to us that the initials in the Higgins mark should have received equal consideration to that given 'Andre' in the Dallioux mark. We strongly doubt that Congress intended such a decisive distinction to be made between initials and given names in determining whether a mark is primarily merely a surname." 98 USPQ at 267. Although the Board, in certain recent decisions, has held

that particular marks consisting of initials coupled with a surname are not primarily merely surnames, *see In re Yeley,* 85 USPQ2d 1150 (TTAB 2007) (J. J. YELEY) and *Michael S. Sachs Inc. v. Cordon Art B.V.,* 56 USPQ2d 1132 (TTAB 2000) (M.C. ESCHER), in view of the statements by the court in *Lewis Cigar,* we hereby clarify that, if a mark consists of two initials (or more) coupled with a surname, it typically will convey a commercial impression of a personal name, and thus generally will not be primarily merely a surname.

Moreover, we note that in *Lewis Cigar,* the court did not find as a matter of law that a single initial added to a surname could never convey something other than surname significance. Based on the facts of the case before it, the court made the following finding:

> It seems to us that "Seidenberg" is clearly a surname which can have no other meaning or significance than that of a surname. Nor do we believe that the addition of the single initial is sufficient to remove it from that category.

*Lewis Cigar,* 98 USPQ at 267. As we explained in *Yeley*, "there is no per se rule that the addition of an initial(s) to a surname means that the mark is automatically primarily merely a surname. It depends on the principal or ordinary significance of the term, and that is a question of fact" based on the facts made of record. *Yeley*, 85 USPQ2d at

1154; *In re Etablissements Darty et Fils*, 759 F.2d 15, 225 USPQ 652, 653 (Fed. Cir. 1985) ("with respect to issues of fact, no precedential value can be given to the quantum of evidence apparently accepted in a prior case"). Thus, *Lewis Cigar* does not preclude a finding that the addition of a single initial creates the commercial impression of a personal name rather than a surname where the facts in the record support such a finding.

In this case, there are two initials, not one initial, and, as indicated above, a segment of society uses multiple initials in lieu of given names, a fact not before the court in *Lewis Cigar*. *See Brooks v. Creative Arts By Calloway LLC,* 98 USPQ2d 1823, 1828-1829 (TTAB 2010) ("A personal name mark, unless it is primarily merely a surname, is registrable on the Principal Register without a showing of secondary meaning, and thus is deemed to be inherently distinctive under the Lanham Act if the record shows that it is used in a manner that would be perceived by purchasers as identifying the services in addition to the person).

Judge Seeherman explained, in *In re Piquet,* that the 1946 Trademark Act changed the prohibition against registering names to one against registering marks that are

primarily merely surnames and that the Commissioner and
courts were slow to enact that change:

> The "Seidenberg" case was an early
> decision interpreting Section 2(e)(3)
> [now Section 2(e)(4)] of the Trademark
> Act of 1946.  Under the former Act of
> 1905, registration of marks consisting
> of the names of individuals and, by
> interpretation, surnames as being the
> significant portion of an individual's
> name, was prohibited.  Section 5 of the
> Trademark Act of 1905, Ex Parte
> Dallioux, 83 USPQ 262 (Comr. Pats.
> 1949).  It appears some of the general
> reluctance to register surnames and
> individual names under the previous Act
> had a residual influence, and the Court
> accordingly interpreted the
> restrictions of Section 2(e)(3)
> broadly.

*In re Piquet,* 5 USPQ2d 1367, 1368 (TTAB 1987)(Seeherman,

J., dissenting).

Furthermore, the U.S. Court of Appeals for the
District of Columbia Circuit in the J C HIGGINS case did
not rule as a matter of law that initials added to a
surname cannot alter the significance of a surname for
purposes of determining whether that mark is primarily
merely a surname, or may be primarily something else (i.e.,
a personal name).  The appeals court noted that the
district court had ruled without considering applicant's
evidence offered to show that purchasers and customers
considered the initials significant and further noted that

considering the evidence would not change the result. *In re Sears, Roebuck & Co.*, 204 F.2d 32, 96 UPSQ 360, 361 n.3. Moreover, the weight of authority construing the surname provision of the Trademark Act since *Sears, Roebuck* suggests that the decision perhaps unduly emphasized the surname in the mark J C HIGGINS, by dissecting the mark and discounting the impact of the initials J C. Certainly the Court of Customs and Patent Appeals in *Lewis Cigar* noted the perhaps odd result in the *Sears, Roebuck* case, vis-à-vis the intent of Congress.

As stated at the beginning of this decision, the test for determining whether a mark is primarily merely a surname is the primary significance of the mark as a whole to the purchasing public. *In re Harris-Intertype Corp.*, 186 USPQ at 239; *see also In re Hutchinson Technology*, 7 USPQ2d 1490, 1492 (TTAB 1988) (a mark sought to be registered must be considered in its entirety). The observation by the CCPA in *Lewis Cigar* about the discrepancy between the holdings in *Sears, Roebuck* (J C HIGGINS) and *Dallioux* (ANDRE DALLIOUX), strongly suggests that the coupling of two initials and a surname creates a full name and therefore a registrable mark.

In view of the foregoing, we hold that the mark P.J. FITZPATRICK, INC. is not primarily merely a surname.

**Decision**:  The refusal to register applicant's mark on the ground that it is primarily merely a surname is reversed.