**Application of KAHAN & WEISZ JEWELRY MFG. CORP.**

**Patent Appeal No. 74-546.**

United States Court of Customs and Patent Appeals.

Jan. 16, 1975.

Edward Halle, New York City, atty. of record, for appellant.

Joseph F. Nakamura, Washington, D. C., for the Commissioner of Patents. Fred W. Sherling, Washington, D. C.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

BALDWIN, Judge.

· This appeal is from the decision of the Trademark Trial and Appeal Board[1] affirming the examiner's refusal to register the mark DUCHARME[2] as a trademark for watches on the Principal Register. We reverse.

The examiner refused registration under the Lanham Act, section 2(e)(3) (15 U.S.C. § 1052(e)(3)) on the ground that DUCHARME is primarily merely a surname. The board affirmed the refusal to register while adding, "[m]oreover, 'DUCHARME' is admittedly a surname

---

1.  Abstracted at 180 USPQ 272 (1973).

2.  Application serial No. 369,851, filed September 4, 1970.

and while it may well be, as applicant in substance contends, a rare surname, Section 2(e)(3) of the Statute makes no distinction between rare or commonplace surnames." Further, the board quoted from the examiner's answer:

> The name Ducharme is listed in various telephone directories as a surname just as applicant has disclosed in its amendment on June 16, 1971.

### Opinion

■ The sole issue here is whether the mark sought to be registered, DU-CHARME, was properly refused registration under section 2(e)(3) of the Lanham Act as being primarily merely a surname. Section 2 in pertinent part reads:

> No trademark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—
>
> * * * * * *
>
> (e) Consists of a mark which . . (3) is primarily merely a surname. [Emphasis added.]

It is clear that the burden is on the Patent Office to prove that the trademark is primarily merely a surname. In re Standard Elektrik Lorenz Aktiengesellschaft, 371 F.2d 870, 873, 54 CCPA 1043, 1047 (1967).

■ This court has recognized that section 2(e)(3) is difficult to apply in determining whether a mark is primarily merely a surname.[3] However, we are of the opinion that a correct resolution of the issue can be made only after the primary significance of the mark to the purchasing public is determined, as suggested by Ex parte Rivera Watch Corp., 106 USPQ 145, 149 (Com'r Pat.1955).

We thus adopt the reasoning expounded in *Rivera* in which it is stated:

> A trademark is a trademark only if it is used in trade. When it is used in trade it must have some impact upon the purchasing public, and it is that impact or impression which should be evaluated in determining whether or not the primary significance of a word when applied to a product is a surname significance. If it is, *and it is only that*, then it is primarily merely a surname.

■ The board held that in view of the lack of any established secondary meaning of appellant's mark, the mark would only have the significance of a surname to purchasers. Thus, the board, in essence, shifted the burden of proof to appellant without first establishing that DUCHARME is primarily merely a surname. As stated previously, the Patent Office has the burden to show that DUCHARME is primarily merely a surname and unless it meets its burden, appellant need not demonstrate non-surname significance of its mark.

The examiner stated that DUCHARME is listed in various telephone directories as a surname. In fact, in answer to the examiner's refusal to register, appellant referred to the Manhattan telephone directory in New York City noting that it lists six names similar to applicant's mark.[4] Although the board did not specifically state that it adopted such an approach as establishing that DUCHARME is primarily merely a surname, the telephone directory is the only evidence produced by the examiner as a basis for his refusal to register DU-CHARME on the Principal Register.

■ Although the use of a telephone directory may be considered a fac-

**3.** See In re Standard Elektrik Lorenz Aktiengesellschaft, 371 F.2d at 872, 54 CCPA at 1045, in which it is stated:

> This provision of the act [section 2(e)(3)] has been productive of diverse and not easily reconcilable decisions by the Trademark Trial and Appeal Board as well as by the courts.

See also, Ex parte Rivera Watch Corp., 106 USPQ 145 (Com'r Pat.1955).

**4.** The six names are written in three different forms:
> du Charme
> Du Charme
> Ducharme

tor in determining whether a mark is primarily merely a surname, we do not find this, *standing alone*, to be determinative of the issue. This is particularly true here where the Patent Office only relied upon six listings in the Manhattan telephone directory supplied by appellant. Such a showing does not establish that the primary significance of DU-CHARME to the purchasing public is that of a surname. See Ex parte Wayne Pump Co., 88 USPQ 437, 439–40 (P.O. Ex'r Ch.1951); Ex parte Gemex Co., 111 USPQ 443 (Com'r Pat.1956); Drexel Enterprises, Inc. v. Colby, 138 USPQ 1 (S.D. Cal.1963).

Therefore, the decision of the board is reversed.

Reversed.