In re HUTCHINSON TECHNOLOGY INCORPORATED.

No. 88–1048.

United States Court of Appeals, Federal Circuit.

July 21, 1988.

Scott Quin Vidas, Vidas and Arrett, P.A., Minneapolis, Minn., argued for appellant.

Nancy C. Slutter, Asst. Sol., Arlington, Va., argued for appellee. With her on the brief were Joseph F. Nakamura, Sol., and Fred E. McKelvey, Deputy Sol.

Before SMITH and BISSELL, Circuit Judges, and NICHOLS, Senior Circuit Judge.

EDWARD S. SMITH, Circuit Judge.

Hutchinson Technology Incorporated (Hutchinson) appeals the decision of the United States Patent and Trademark Office (PTO) Trademark Trial and Appeal Board (board) refusing registration of HUTCHINSON TECHNOLOGY as a trademark. The board's decision is reversed.

## I. *Issue*

The sole issue on appeal is whether the board erred in refusing to register on the principal register the mark HUTCHINSON TECHNOLOGY because the mark is pri-

marily merely a surname under section 2(e)(3) of the Lanham Act.[1]

## II. *Background*

Hutchinson filed an application to register HUTCHINSON TECHNOLOGY as a trademark for:[2]

> etched metal electronic components; flexible circuits; actuator bands for disk drives; print bands; increment discs; [and] flexible assemblies for disk drives * * * [.]

The examiner refused registration of the mark under section 2(e)(3) of the Lanham Act. As grounds for his refusal, the examiner, citing pages from the 1984 Northern Virginia and 1985 Maryland Suburban telephone directories (both areas fall within the Washington, D.C., metropolitan area) listing over 200 individuals with the surname "Hutchinson," found that the term "Hutchinson" was a surname. The examiner also found that "technology" was merely descriptive of the goods involved and added nothing to the registrability of the mark.

After Hutchinson responded to the examiner's initial refusal to register its mark, the application was finally rejected by the examiner. The examiner, in the final rejection, concluded that the evidence on record supported the finding that "Hutchinson" was a surname. According to the examiner, Hutchinson's evidence that the company was located in the town of Hutchinson, Minnesota, was insufficient to show that the mark was not primarily merely a surname. In response to Hutchinson's argument that the examiner had improperly dissected the mark in considering the registrability of the mark as a whole, the examiner, citing *In re Pickett Hotel Co.*[3] and *In re E. Martinoni Co.*,[4] stated that he was not ignoring the presence of the word "technology" in the mark, but that the combination of a surname and a term which is "highly descriptive or generic" of the goods did not alter the primary significance of the mark as a surname.

On appeal, the board, distinguishing *Martinoni*, recognized that "technology" is not the common descriptive or generic name for Hutchinson's product. However, the board affirmed the examiner's refusal to register the mark because it found that the term "technology" is commonly used in connection with goods similar to those listed in Hutchinson's application. The board determined that the inclusion of that term in the mark did not remove the surname significance of "Hutchinson" or create the impression that HUTCHINSON TECHNOLOGY was not primarily merely a surname.[5]

## III. *Analysis*

■ It is clear that the PTO has the initial burden of going forward in establishing that an applicant's mark is primarily merely a surname.[6] Only after the PTO

---

**1.** 15 U.S.C. § 1052(e)(3) (1982).

**2.** The examiner required Hutchinson to list specific items which were included within the term "etched metal electronic components." Hutchinson amended the description, and it was accepted by the examiner. This amendment is not at issue in this case.

**3.** *In re Pickett Hotel Co.*, 229 USPQ 760 (TTAB 1986). In *Pickett Hotel,* the board affirmed the refusal to register the stylized mark PICKETT SUITE HOTEL because the term "suite hotel" was "at least, merely descriptive, and perhaps, generic" for the applicant's services. According to the board, the addition of that term to the surname Pickett did not alter the primary significance of the mark as a surname. *Id.* at 761.

**4.** *In re E. Martinoni Co.*, 189 USPQ 589 (TTAB 1975). In *Martinoni,* the board affirmed the refusal to register the mark MARTINONI LIQUORE for liqueur. The board found that

"Martinoni" was a surname and that "Liquore" was the "common descriptive name" of the product which had no distinguishing capability. *Id.* at 590.

**5.** The board also affirmed the examiner's requirement that the term "technology" be disclaimed apart from the mark. It noted that Hutchinson had offered a disclaimer in its appeal brief and stated that, if Hutchinson was successful in its appeal, it would allow Hutchinson time to file the required disclaimer. In view of our decision on registrability, the case will be remanded to the board to permit Hutchinson time to file this disclaimer.

**6.** *In re Standard Elektrik Lorenz Aktiengesells-*. *chaft,* 371 F.2d 870, 873 (CCPA 1967); *In re Kahan & Weisz Jewelry Mfg. Corp.,* 508 F.2d 831, 832 (CCPA 1975).

has presented a prima facie case that a mark is primarily merely a surname will the burden switch to the applicant to rebut this finding. Hutchinson argues that the PTO failed to establish a prima facie case that HUTCHINSON TECHNOLOGY is primarily merely a surname. We agree.

■ The test for determining whether a mark is primarily merely a surname is the primary significance of the mark as a whole to the purchasing public.[7]

A trademark is a trademark only if it is used in trade. When it is used in trade it must have some impact upon the purchasing public, and it is that impact or impression which should be evaluated in determining whether or not the primary significance of a word when applied to a product is a surname significance. If it is, *and it is only that,* then it is primarily merely a surname. [Emphasis in original.][8]

■ Here, the board failed to establish a prima facie case that HUTCHINSON TECHNOLOGY is primarily merely a surname. It made two errors in its analysis. First, contrary to the board's consideration of Hutchinson's mark, a mark sought to be registered must be considered in its entirety.[9] The board considered the mark as two separate parts, "Hutchinson" and "technology," and analyzed the registrability of each word separately. With respect to the term "Hutchinson," the board found that "Hutchinson" was primarily merely a surname. The evidence of many telephone listings, combined with the lack of a dictionary definition giving some other meaning for the word, established a prima facie case that "Hutchinson" is primarily merely a surname. With respect to the term "technology," the board solely relied on Hutchinson's concession that "technology" is used on many goods similar to those listed in Hutchinson's application to find that its inclusion in the mark as a whole did not remove the surname significance of "Hutchinson." However, the fatal flaw in

the board's analysis is that the mark sought to be registered is not HUTCHINSON or TECHNOLOGY, but HUTCHINSON TECHNOLOGY. The board never considered what the purchasing public would think when confronted with the mark as a whole.

Second, the board's findings on the effect of the inclusion of "technology" in the mark as a whole are not supported by the facts upon which the board relies. The board recognized that the term "technology" is not the common descriptive or generic name of the goods listed in Hutchinson's application, but relied on Hutchinson's concession that the term was commonly used in connection with similar goods to support its finding that the inclusion of "technology" in the mark as a whole did not alter the surname significance of "Hutchinson" or create the impression that HUTCHINSON TECHNOLOGY was not primarily merely a surname. Hutchinson's concession, relied upon by the board, does not support this finding.

The key to the board's decision is its reliance on Hutchinson's concession that "technology" is used on many goods similar to those listed in Hutchinson's application. However, the fact that the term "technology" is used in connection with computer products does not mean that the term is descriptive of them. Many other goods possibly may be included within the broad term "technology," but that does not make the term descriptive of all of those goods. At most, all that may be concluded from Hutchinson's concession is that a mark including the term "technology," which mark is used on computer products, is a weak mark for those goods.

Moreover, interpreting the board's statement that there was "conceded common usage of 'technology' in connection with goods of this type" as the equivalent of a finding that the term "technology" is "merely descriptive" of the goods listed in

7. *Kahan & Weisz,* 508 F.2d at 832; *see also Harris–Intertype Corp.,* 518 F.2d 629, 631 (CCPA 1975).

8. *Kahan & Weisz,* 508 F.2d at 832 (quoting *Ex parte Rivera Watch Corp.,* 106 USPQ 145, 149 (Comm'r Pat. 1955)).

9. *Standard Elektrik,* 371 F.2d at 873.

Hutchinson's application, we hold that the board clearly erred by finding that the term "technology" is merely descriptive of Hutchinson's goods. "A mark is 'merely descriptive' [of a product] if it 'would immediately convey to one seeing or hearing it the thought of appellant's [product].' " [10] As Hutchinson points out, "technology" is a very broad term which includes many categories of goods. The term "technology" does not convey an immediate idea of the "ingredients, qualities, or characteristics of the goods" listed in Hutchinson's application.[11] Therefore, the term "technology" is not "merely descriptive" of Hutchinson's goods, and we conclude that the board's finding that the term "technology," standing alone, is merely descriptive of Hutchinson's goods is clearly erroneous. The board offered no other evidence to support its findings on the effect of the inclusion of "technology" in Hutchinson's mark as a whole. Consequently, the board's findings on the effect of the inclusion of "technology" in the mark, as a whole, also are clearly erroneous.

The board cited *In re I. Lewis Cigar Manufacturing Co.*[12] in support of its decision. In *Lewis Cigar*, the mark was S. SEIDENBERG & CO'S. The United States Court of Customs and Patent Appeals determined that the addition to the surname "Seidenberg" both of the single initial "S." and of the term " & Co's" did not remove the mark as a whole from the status of being primarily merely a surname. HUTCHINSON TECHNOLOGY is in no way similar to the mark in *Lewis Cigar*, and that case offers no support for the position taken by the board in this case.

### IV. *Conclusion*

In view of the foregoing, the decision of the United States Patent and Trademark Office Trademark Trial and Appeal Board denying registration on the principal reg-

ister for the mark HUTCHINSON TECHNOLOGY is reversed. The case is remanded to the board to give Hutchinson time to file the required disclaimer.

REVERSED AND REMANDED.

BISSELL, Circuit Judge, dissenting.

The majority concludes that the United States Patent and Trademark Office (PTO) failed to establish a prima facie case that HUTCHINSON TECHNOLOGY is "primarily merely a surname" under section 2(e)(3) of the Lanham Act, 15 U.S.C. § 1052(e)(3) (1982). I respectfully dissent.

The majority points to two errors in the analysis of the Trademark Trial and Appeal Board (Board). First, the majority holds that the Board improperly dissected the mark and did not consider what impression the mark in its entirety would have on the purchasing public. I disagree. It is clear from reading the Board's decision that the Board considered the impact of the entire mark. *See In re Hutchinson Technology Inc.*, Serial No. 570,503, slip op. at 4 (TTAB August 19, 1987) ("[W]e find that the inclusion of 'TECHNOLOGY' in the mark does not remove the surname significance of 'HUTCHINSON', or create the impression that HUTCHINSON TECHNOLOGY is not primarily merely a surname.").

Second, the majority holds that the Board was clearly erroneous in finding that the word "technology" was "merely descriptive" of applicant's goods. The Board did not make that finding. It found that applicant had "conceded common usage of 'technology' in connection with goods of this type," *id.* at 4, and that this, coupled with the surname significance of Hutchinson, did not remove HUTCHINSON TECHNOLOGY from a section 2(e)(3) prohibition. I fail to see the Board's error. *See In re Louis De Markus Corp.*, 136 USPQ 677

**10.** *In re Bed & Breakfast Registry*, 791 F.2d 157, 159, 229 USPQ 818, 819 (Fed.Cir.1986) (quoting *In re American Soc'y of Clinical Pathologists, Inc.*, 442 F.2d 1404, 1407, 169 USPQ 800, 801 (CCPA 1971)).

**11.** *Application of Abcor Development Corp.*, 588 F.2d 811 at 813 (1978) (citing *Andrew J. McPart-*

*land, Inc. v. Montgomery Ward & Co.*, 164 F.2d 603, 76 USPQ 97 (1947), *cert. denied*, 333 U.S. 875, 68 S.Ct. 904, 92 L.Ed. 1151 (1948)).

**12.** *In re I. Lewis Cigar Mfg. Co.*, 205 F.2d 204, 98 USPQ 265 (CCPA 1953).

(TTAB 1963) (finding the mark "Duffey Process" is primarily merely a surname because the word "process" adds nothing to the registrability of a mark identifying a carbon dioxide producing and purifying apparatus).

Furthermore, the majority places too high a burden on the PTO with regard to making out a prima facie case against registration. *See In re Etablissements Darty et Fils*, 759 F.2d 15, 16, 225 USPQ 652, 653 (Fed.Cir.1985) (stating that PTO has initial burden of establishing prima facie case). It is beyond cavil that the PTO must provide sufficient evidence to support a finding that, when viewed as a whole, the primary significance of the mark to the purchasing public is that of a surname. *See e.g., In re Kahan & Weisz Jewelry Mfg.*, 508 F.2d 831, 832, 184 USPQ 421, 422 (CCPA 1975). This is typically accomplished with citations to telephone directories that list the particular surname at issue, along with the lack of dictionary definitions. *See generally*, 1 J. McCarthy, *Trademarks and Unfair Competition* § 13:11, at 612 (2 ed. 1984) (stating that PTO establishes initial burden by "telephone book test"). The PTO did that in this case. The combination of telephone listings with Hutchinson's concession regarding "technology" is sufficient to make out a prima facie case.

Applicant's only rebuttal evidence established that Hutchinson is the name of a small town in Minnesota where applicant's offices are located and that no employees of the applicant had the surname Hutchinson. The PTO properly rejected this evidence as insufficient to overcome the prima facie case. Applicant's argument attacking the sufficiency of the PTO's evidence without rebuttal evidence of its own is unpersuasive. *See Darty*, 759 F.2d at 17–18, 225 USPQ at 653–54 (argument without evidence is unpersuasive). The PTO did not err in refusing registration of HUTCHINSON TECHNOLOGY under section 2(e)(3). Therefore, I would affirm.