4/11/02

**THIS DISPOSITION
IS CITABLE AS PRECEDENT
OF THE T.T.A.B.**

Paper No. 17
HRW

**UNITED STATES PATENT AND TRADEMARK OFFICE**
_____

**Trademark Trial and Appeal Board**
_____

In re Pyro-Spectaculars, Inc.
_____

Serial No. 75/398,909
_____

Jeffery L. Van Hoosear of Knobbe, Martens, Olson & Bear,
LLP for Pyro-Spectaculars, Inc.

Daniel F. Capshaw, Trademark Examining Attorney, Law Office
109 (Ronald R. Sussman, Managing Attorney).
_____

Before Seeherman, Walters and Wendel, Administrative
Trademark Judges.

Opinion by Wendel, Administrative Trademark Judge:

Pyro-Spectaculars, Inc. has filed an application to
register the mark SOUSA for "fireworks" in Class 13 and
"entertainment services, namely, production of events and
shows featuring pyrotechnics, pageantry including laser and
light shows and arranging for other live performances at
special events" in Class 41.[1]

---

[1] Serial No. 75/398,909, filed December 2, 1997, based on an
allegation of a bona fide intention to use the mark in commerce.

Registration has been finally refused on the ground that SOUSA is primarily merely a surname under Section 2(e)(4) of the Trademark Act. Both applicant and the Examining Attorney have filed briefs. Applicant has waived its right to an oral hearing.

The Examining Attorney maintains that the primary significance of the proposed mark SOUSA to the relevant purchasing public is that of a surname. As support for this position, the Examining Attorney refers to the results obtained from a search in the PHONEDISC POWERFINDER USA ONE 1998 (4th Ed.) database in which a total of 4,528 listings for the surname "Sousa" were found. In addition, he has made of record pages from a book entitled American Surnames,[2] describing the Spanish or Portuguese origin of the surname from the word meaning "salty place."

Applicant admits that "Sousa" is in current use in the United States as a surname, but contends this does not necessarily mean that SOUSA will only be perceived as a surname by the relevant purchasing public. Applicant argues that the term SOUSA is "much more than a surname; it identifies and is clearly associated with, the famous American composer John Philip Sousa and his patriotic

---

[2] Smith, American Surnames, 249-250 (1969).

2

music." (Reply Brief p. 2). Applicant insists that, as used in connection with its fireworks and entertainment services involving fireworks, the purchasing public will associate the mark SOUSA with this historical figure. In support for its claim of fame for John Philip Sousa, applicant points to the importance of his music, e.g., *The Stars and Stripes Forever*, his being known as the "March King," his leadership of the Marine Band from 1880 to 1892, his "inspiration" of the instrument known as the "sousaphone," and his various honors as a famous American.

As counter evidence to applicant's arguments of the primary significance of the term SOUSA, the Examining Attorney points to results of a Lexis-Nexis search which has been made of record for "Sousa and not John Philip Sousa" in which a total of 20,250 articles showing current use of the surname were found. The Examining Attorney also makes reference to the Board's statement in In re Pickett Hotel Company, 229 USPQ 760, 761-2 (TTAB 1986) that:

> The decisions concerning historical names draw a line between names which are so widely recognized that they are almost exclusively associated in terms of their commercial impressions with the historical figures, *e.g.*, Lucien Piccard Watch Corp. v. Crescent Corp., 314 F. Supp. 329, 165 USPQ 459 (S.D.N.Y. 1970) [DA VINCI] and names which are semihistorical in character. *E.g.,* Frances Rothschild, Inc. v. U.S. Cosmetic Fragrance Corp., 223 USPQ 817 (N.D. Tex

> 1983)[ROTHSCHILD]; In re Champion International Corp.,
> 229 USPQ 550 (TTAB 1985)[MCKINLEY]; In re Villiger
> Sohne GmbH, 205 USPQ 465 (TTAB 1979) [BRANIFF];
> Ex parte Wayne Pump Co., 88 USPQ 437 (Ex'r-in-Chief
> 1951)[WAYNE][Additional citation omitted.]

The Examining Attorney maintains that the name SOUSA clearly falls on the semihistorical side of the dividing line, just as the name PICKETT was found to best be classified as such in the above decision and the name MCKINLEY so classified in In re Champion International Corp., *supra.*

Applicant takes issue with this position, contending that John Philip Sousa was a famous American whose musical legacy endures so that even now, 70 years after his death, he is referred to as the "March King." Applicant points to a Lexis-Nexis search conducted in January 2000 in which references to John Philip Sousa appeared in 50 stories within the previous eighteen months as evidence of the present significance of SOUSA as a reference to John Philip Sousa. Applicant notes that many of these stories include headlines using the term "Sousa" alone to identify this person. Applicant insists that if the mark SOUSA were used in connection with its fireworks and firework displays, the mark would not be viewed primarily merely as a surname, but rather it connotes or brings to mind a historical or noted

person, namely the famous American composer and patriot, John Philip Sousa.

A term is primarily merely a surname if its primary significance to the purchasing public is that of a surname. In re Hutchinson Technology, Inc., 852 F.2d 552, 7 USPQ2d 1490 (Fed. Cir. 1988); In re Industrie Pirelli Societa per Azioni, 9 USPQ2d 1564 (TTAB 1988). The initial burden is on the Patent and Trademark Office to establish a prima facie case that the term is primarily merely a surname. In re Establissements Darty et Fils, 759 F.2d 15, 225 USPQ 652 (Fed. Cir. 1985). If the Examining Attorney establishes a prima facie case, the burden shifts to applicant to rebut the showing made by the Examining Attorney. See In re Hamilton Pharmaceuticals Ltd., 27 USPQ2d 1939 (TTAB 1993).

We find that the Examining Attorney has met the initial burden of establishing that the term SOUSA is primarily merely a surname. The total of 4,528 Phonedisc listings and 20,250 Nexis articles showing current use of the surname "Sousa" in the United States is ample evidence to establish a prima facie case in support of his contention that SOUSA is primarily merely a surname. The burden has thus shifted to applicant to rebut this showing.

In the past, in cases involving historical names, the Board has drawn a line between those names considered so

widely recognized as to be "almost exclusively associated in terms of commercial impressions with the historical figures" and those names "semihistorical in character." In re Pickett Hotel Company, *supra*. But even when such a line was drawn, the ultimate issue to be determined was still that of the primary significance of the mark in question to the purchasing public. See In re Champion International Corp., *supra.* The semi-historical/historical distinction is simply one means of determining the degree of significance of the name to the public as that of a famous person.

Here applicant's statements are uncontroverted that John Philip Sousa was an acclaimed band leader and composer of patriotic music, such as the universally known march, *The Stars and Stripes Forever.* It is the Nexis evidence showing the present day recognition and continuing fame of John Philip Sousa, however, which is much more meaningful for purposes of determining the primary significance of the term SOUSA today. We find this evidence more relevant than any attempt simply to place the name of John Philip Sousa on a historical/semihistorical continuum based on past history.

In these articles we find frequent references to the patriotic band music of Sousa and present day performances

thereof, as well as references to at least two schools named after Sousa and to various organizations and bands named in honor of John Philip Sousa.  It is clear from this evidence that the name of John Philip Sousa and the patriotic music which was his legacy remain strong in the minds of the American public.

But present day recognition of John Philip Sousa is not the only factor to be considered in determining the primary significance of the term SOUSA.  Even more important under the present circumstances is the specific nature of applicant's goods and services and the significance of the term SOUSA when used therewith. Applicant intends to use the term SOUSA in connection with fireworks and with shows featuring pyrotechnics.  Clearly these are goods and services which would be associated by potential purchasers with patriotic events such as the Fourth of July, patriotic figures, and patriotic music. Thus, we agree with applicant that when the relevant purchasing public encounters the term SOUSA, as it is intended to be used in connection with applicant's fireworks and fireworks displays, the immediate association of the term SOUSA will be with the famous "March King," John Philip Sousa.  The primary significance of the term SOUSA, as used in connection with these goods and services,

7

is as the name of a specific person well known in American history for his patriotic music.  Although "Sousa" may also be a surname in current use in the United States, any such connotation of the term would clearly be secondary in significance when consideration is given to the particular nature of applicant's goods and services.

Accordingly, we find that applicant has adequately rebutted the prima facie case established by the Examining Attorney that SOUSA is primarily merely a surname.  We find the evidence demonstrates that SOUSA would be viewed by the relevant purchasing public as a reference to John Philip Sousa when used in connection with applicant's goods and services.

Decision:  The refusal to register under Section 2(e)(4) is reversed.