**U. S. PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
P.O Box 1451
Alexandria, VA 22313-1451

GDH/gdh

*Mailed:  October 29, 2007*

In re Piano Factory Group Inc.

Serial No. 78157550

Filed August 24, 2002

Frank J. McGue
10801 N. 32nd Street,
     Ste. 5
Phoenix, AZ 85028

The attached decision, which originally issued on
September 15, 2006 as "NOT CITABLE AS A PRECEDENT OF THE TTAB,"
has been re-designated as "A PRECEDENT OF THE TTAB."

*By the Trademark Trial
and Appeal Board*

**UNITED STATES PATENT AND TRADEMARK OFFICE**
_____

**Trademark Trial and Appeal Board**
_____

In re Piano Factory Group Inc.
_____

Serial No. 78157550
_____

Frank J. McGue, Esq. for Piano Factory Group Inc.

Esther A. Belenker, Trademark Examining Attorney, Law Office 111 (Craig D. Taylor, Managing Attorney).
_____

Before Hohein, Hairston and Walsh, Administrative Trademark Judges.

Opinion by Hohein, Administrative Trademark Judge:

Piano Factory Group Inc. has filed an application to register the mark "VOSE & SONS" on the Principal Register in standard character form for "pianos--namely, upright pianos, grand pianos, and digital pianos; [and] piano keyboard instruments" in International Class 15.[1]

Registration has been finally refused under Section 2(e)(4) of the Trademark Act, 15 U.S.C. §1052(e)(4), on the ground that the mark which applicant seeks to register is primarily merely a surname.

_____

[1] Ser. No. 78157550, filed on August 24, 2002, which is based on an allegation of a bona fide intention to use the mark in commerce.

Serial No. 78157550

Applicant has appealed. Briefs have been filed,[2] but an oral hearing was not requested. We affirm the refusal to register.

As an appropriate starting point for analysis, we observe that as stated by the Board in In re Hamilton Pharmaceuticals Ltd., 27 USPQ2d 1939, 1940 (TTAB 1993):

> At the outset, it is well settled that whether a mark is primarily merely a surname depends upon whether its primary significance to the purchasing public is that of a surname. The burden is upon the Examining Attorney, in the first instance, to present evidence sufficient to make out a prima facie showing in support of the contention that a particular mark is primarily merely a surname. Provided that the Examining Attorney establishes a prima facie case, the burden shifts to the applicant to rebut the showing made by the Examining Attorney. *See* In re Harris-Intertype Corp., 518 F.2d 629, 186 USPQ 238, 239-40 (CCPA 1975) and In re Kahan & Weisz Jewelry Mfg. Corp., 508 F.2d 831, 184 USPQ 421, 422 (CCPA 1975). Whether a term sought to be registered is primarily merely a surname within the meaning of ... the Trademark Act must necessarily be resolved on a case by case basis and, as is the situation with any question of fact, no

---

[2] Noting that applicant, as part of its appeal brief, "submitted a three-page discussion of the history of a now-defunct piano manufacturing company ... and a three-page printout from the Internet entitled '1881 Vose &Sons [sic] Square Grand," the Examining Attorney states in her brief that she "objects to the introduction of such information at this late date in the prosecution of the application." Such information shows, among other things, that the mark "VOSE & SONS" was originally derived from the name of a piano making business started by James Whiting Vose in 1851 and which, after his three sons learned such business and joined him in the trade, was renamed "Vose & Sons." The Examining Attorney is correct, however, that "[t]he record in any application must be complete prior to appeal" and applicant has offered no explanation for its failure to submit such information earlier in the prosecution of the application. The objection is thus sustained and the information included with applicant's brief will not be given further consideration with respect to the decision herein. Trademark Rule 2.142(d). Nonetheless, we hasten to add that even if considered to be part of the record, it would make no difference in the result.

2

> precedential value can be given to the amount
> of evidence apparently accepted in a prior
> proceeding. *See* In re Etablissements Darty
> et Fils, 759 F.2d 15, 225 USPQ 652, 653 (Fed.
> Cir. 1985). ....

Moreover, as set forth by the Board in In re United Distillers

plc, 56 USPQ2d 1220, 1221 (TTAB 2000):

> Among the factors to be considered in
> determining whether a term is primarily
> merely a surname are the following: (i)
> whether the surname is rare; (ii) whether
> anyone connected with applicant has the
> involved term as a surname; (iii) whether the
> term has any other recognized meaning; and
> (iv) whether the term has the "look and feel"
> of a surname. See In re Benthin Management
> GmbH, 37 USPQ2d 1332[, 1333] (TTAB 1995).[3]

In the present case, we agree with the Examining

Attorney that the record contains sufficient evidence to make a

prima facie case that the primary significance of the mark "VOSE

& SONS" to the purchasing public for applicant's goods is that of

a surname and that such showing has not been rebutted by

applicant. Specifically, in order to establish the surname

significance of the term "VOSE," the Examining Attorney in her

brief relies upon in the following evidence which is of record in

support of the refusal to register: (i) the results of a search

on January 21, 2003 of the "PowerFinder" (a/k/a "PhoneDisc")

database, which found a total of 838 separate residential

listings in the United States for individuals with the surname

"VOSE"; and (ii) the results of a search of "NEXIS" database,

---

[3] A fifth factor, which concerns whether a mark is in a stylized form distinctive enough to create a separate non-surname impression, is not present herein inasmuch as applicant seeks to register its mark in standard character form. See In re Benthin Management GmbH, supra at 1333-34.

3

which revealed "93 representative stories referring to people with the surname Vose in the United States." Also of record, and lending further support to the refusal to register even though not mentioned by the Examining Attorney in her brief, is the following evidence: (i) an excerpt from the website of "Michael Sweeney Piano Craftsman," which contains the statement that "The Vose & Sons Piano Company was established in 1851, manufacturing pianos for over a century and a half"; (ii) a partial summary of the results of applicant's Internet search with the "GOOGLE" search engine of the term "vose," which shows "Results 1-10 of about 73,600," including references to "Michael D. Vose's home page" (listed as "Michael D. Vose / vose@cs.utk.edu") and "SF Author Greg Vose" (described as a "Science fiction and fantasy author [who] provides advice on getting published) as well as to "VOSE GALLERIES OF BOSTON" (referred to as "the oldest family-owned art gallery in the country"), "The Vose Law Firm" and "Vose Consulting" (described as "a small, independent consultancy firm providing a complete risk analysis service"); and (iii) the results of applicant's search of the online "DEX Official Directory,"[4] which lists 23 individuals with the surname "Vose" who reside in the State of Arizona.

Although applicant argues that the evidence of record, at best, demonstrates only that "VOSE" is "quite rare" as a surname[5] and that the rarity thereof is a factor which "weighs in

---

[4] According to applicant's brief, such "is a telephone directory from Qwestdex."

[5] While applicant also contends, as shown by the results which it made of record of its searches "on Google and the white pages Dexonline

[favor] for registrability of the mark VOSE," we concur with the

Examining Attorney that, as persuasively set forth in her brief:

> The name VOSE is not a very rare
> surname, if indeed it is a rare surname.  The
> applicant [has] argued that compared to the
> number of names in the PhoneDisc database,
> 838 names is not many.  However, the
> Trademark Trial and Appeal Board ("the
> Board") has stated that "given the large
> number of different surnames in the United
> States, even the most common surnames would
> represent but small fractions of such a
> database."  *In re Gregory*, 70 USPQ2d 1792
> (TTAB 2004) (ROGAN, with 1087 listings in
> phone directories, held not a rare surname.)
>
> Even assuming, *arguendo*, that VOSE is a
> "rare" surname, even a rare surname may be
> unregistrable under Trademark Act §2(e)(4)
> ... if its primary significance to purchasers
> is that of a surname. *See In re
> Establissements Darty et Fils,* 759 F.2d 15,
> 225 USPQ 652 (Fed. Cir. 1985) (DARTY); *In re
> ... Giger*, ... [78 USPQ2d 1405] (TTAB 2006)
> ("more than fifty phone listings" of GIGER
> held [sufficient to show such name is]
> primarily merely a surname); *In re Rebo High
> Definition Studio Inc.*, 15 USPQ2d 1314 (TTAB
> 1990) (REBO held primarily merely a surname
> with six listings in United States telephone
> books); *In re Pohang Iron & Steel Co., Ltd.*,
> 230 USPQ 79 (TTAB 1986) (POSTEN held
> primarily merely a surname with 11 listings
> in United States telephone books and excerpts
> from the LEXIS/NEXIS Research Database).
> TMEP §1211.01(a)(v).  There is no minimum
> number of telephone directory [or other]
> listings needed to prove that a mark is

---

telephone directory" of the registered marks "WINTER, BRAMBACH and
HARDMAN," that "the rate of occurrence of the Vose surname is
comparable to [the] other names which are now registered trademarks"
for pianos, the copies of the third-party registrations for such
marks, which applicant also made of record, fail to indicate whether
or not the registrations issued under the provisions of Section 2(f)
of the Trademark Act, 15 U.S.C. §1052(f).  Consequently, and aside
from the obvious fact that the mark "WINTER" has a readily understood
meaning other than its surname significance and thus in any event
would not be considered to be primarily merely a surname, the
comparisons offered by applicant are of essentially no probative
value.

primarily merely a surname. TMEP
§1211.02(b)(i).

Here, the evidence of record is sufficient to establish that the term "VOSE" would have surname significance to the purchasing public for pianos, irrespective of whether or not it is regarded as a rare surname.

Applicant also contends, however, that the term "VOSE" is not primarily merely a surname because "no one connected with the *present* applicant has a surname Vose" (emphasis added) and thus that "this element ... weighs in favor of registrability." The Examining Attorney correctly points out, in response, that "[t]he fact that a proposed mark is not the surname of someone associated with the applicant 'does not tend to establish one way or the other whether the proposed mark would be perceived as a surname,'" citing In re Gregory, supra at 1795.

Applicant next argues that "the evidence shows that the term VOSE, to the piano purchasing public, denotes a historical person, namely, James Whiting Vose and the pianos made by his company and its successors," which "were made with the mark VOSE from 1853 to 1985." The sole information properly of record with respect thereto, however, is the previously mentioned excerpt from the website of "Michael Sweeney Piano Craftsman," which contains the statement that "The Vose & Sons Piano Company was established in 1851, manufacturing pianos for over a century and a half." While such excerpt is indicative of a manufacturer of pianos which was started in 1851 by someone with the surname "Vose," it fails to establish that the primary significance of the term "VOSE" is the particular individual and piano maker

6

named James Whiting Vose.  Rather, as accurately observed by the Examining Attorney (footnotes omitted):[6]

> There is no evidence in the record that VOSE has any meaning other than as a surname, including that it is the name of any historical figure.  The applicant [has] argued that VOSE is the name of an historical figure, taking it out of the category of being primarily merely a surname.  However, there is no evidence that the name VOSE is, in fact, the name of any widely-known historical figure.  The fact that there might once have been a Mr. Vose who manufactured pianos does not make Vose an historical name.  Decisions concerning historical names generally draw a line between names which are so widely recognized that they are almost exclusively associated with a specific historical figure and are thus not considered primarily merely a surname, *e.g., Lucien Piccard Watch Corp. v. Crescent Corp.*, 314 F. Supp. 329, 165 USPQ 459 (S.D.N.Y. 1970) (DA VINCI not primarily merely a surname because it primarily connotes Leonardo Da Vinci), and names which are only semi-historical in character and thus can be perceived as primarily merely a surname, *e.g., Frances Rothschild, Inc. v. U.S. Cosmetic Fragrance Marketing Corp. e.g.*, 223 USPQ 817 (N.D. Tex. 1983) (ROTHSCHILD held primarily merely a surname despite being the surname of a historical banking family); *In re Champion International Corp.*, 229 USPQ 550 (TTAB 1985) (MCKINLEY held primarily merely a surname despite being the surname of a deceased president).

---

[6] Inasmuch as the Board may properly take judicial notice of dictionary definitions, the Examining Attorney's implicit request in her brief that judicial notice be taken of the definition from The American Heritage Dictionary of the English Language (1992) of "Sousa, John Philip" as an "American bandmaster and composer who wrote comic operas and marches such as *Stars and Stripes Forever* (1897)" is granted. See, e.g., Hancock v. American Steel & Wire Co. of New Jersey, 203 F.2d 737, 97 USPQ 330, 332 (CCPA 1953); University of Notre Dame du Lac v. J. C. Gourmet Food Imports Co., Inc., 213 USPQ 594, 596 (TTAB 1982), *aff'd*, 703 F.2d 1372, 217 USPQ 505 (Fed. Cir. 1983); and Marcal Paper Mills, Inc. v. American Can Co., 212 USPQ 852, 860 n.7 (TTAB 1981).

> The applicant's reliance on *In re Pyro-Spectaculars, Inc.*, 63 USPQ2d 2022 (TTAB 2002)[,] is inappropriate.  In that case, the Board held that SOUSA belongs to the category of surnames that name historical figures. Every schoolchild in America knows the name of John Phillip [sic] Sousa, his music is played at school concerts, [his] marches are played a patriotic gatherings throughout the country, and overall, he is very famous.  In fact, he is listed in a general dictionary. That is not the case with VOSE.  There is no evidence of a person named Vose who is well-known throughout the country, [and] who is in the ... category of [an] historical figure.

Lastly, applicant asserts that "the term VOSE does not have the 'look and feel' of a surname" and that it is, instead, like "the mark BOSE," which "is subject to numerous registrations owned by Bose Corporation."  As to the latter, however, there is no evidence of record with respect to any registrations allegedly issued to Bose Corporation for the mark "BOSE" and the Board does not take judicial notice of such third-party registrations.  See, e.g., In re Duofold Inc., 184 USPQ 638, 640 (TTAB 1974).[7]  In any event, we agree with the Examining Attorney that the term "VOSE" does indeed have the look and feel of a surname, particularly given the facts that the record demonstrates that there are numerous individuals with the surname "Vose"; that such term has no meaning or connotation other than its surname significance; and that nothing in the record indicates that "VOSE" would be

---

[7] Moreover, even if copies of any such registrations had been properly made of record, it is pointed out that as observed by our principal reviewing court in, for instance, In re Nett Designs Inc., 236 F.3d 1339, 57 USPQ2d 1564, 1566 (Fed. Cir. 2001), "[e]ven if some prior registrations had some characteristics similar to [applicant's] application, the ... allowance of such prior registrations does not bind the Board or this court."  See also, In re Broyhill Furniture Industries Inc., 60 USPQ2d 1511, 1514 (TTAB 2001); and In re Pennzoil Products Co., 20 USQP2d 1753, 1758 (TTAB 1991).

perceived as an acronym or initialism, or as a coined term derived, for instance, from a root element which has a readily understood meaning in its own right.  The term "VOSE," instead, "appears to be a cohesive term with no meaning other than as a surname" and, as such, thus has the look and feel of a surname. In re Gregory, supra at 1796.  See also, In re Giger, supra at 1409.

Accordingly, while we conclude that the term "VOSE" primarily has significance as a surname, there remains for determination the question of whether, as a whole, the mark "VOSE & SONS," which is the mark applicant seeks to register, is primarily merely a surname.  In answering such issue, we must decide whether the addition of the language "& SONS" to the term "VOSE" changes the primary surname significance of the latter. Applicant maintains that its mark "has a primary significance other than that of a surname to the piano purchasing public," noting in particular that, as evidence thereof, the record shows that on March 4, 1975, "the Patent and Trademark Office issued Reg. No. 1,005,806 for the mark VOSE & SONS for use on pianos" to a third party, Aeolian Corporation.  Because such registration, which applicant further asserts "expired on December 11, 1995 for failure to renew," issued on the Principal Register (without, presumably, resort to a claim of acquired distinctiveness under the provisions of Section 2(f), although the copy of the registration furnished by applicant fails to so indicate), applicant insists that "[i]t seems illogical to bar a newcomer from adopting an abandoned mark on the basis that somehow that

mark acquired surname status after expiration of the prior registration."

The Examining Attorney, in response, urges that "the terms 'AND SON,['] 'AND SONS,' '& SON,' and '& SONS,' have long been considered language that does not function as a trademark or service mark." Specifically, she points out that "[t]he record contains copies of 54 registered marks containing a surname and 'AND SON,['] 'AND SONS,' '& SON,' or '& SONS,' in which 'AND SON,['] 'AND SONS,' '& SON,' or '& SONS,' have been disclaimed, and/or the marks were registered on the Supplemental Register or with a claim of acquired distinctiveness under Section 2(f) of the Trademark Act." She maintains, in view thereof, that:

> The addition of "AND SONS" [or, as in this case, "& SONS,"] is analogous to the addition of initials or a title, such as Mr., or Mrs. Such additional matter does not diminish the surname significance of the term, and may, in fact, emphasize the primary surname significance of the term. *In re I. Lewis Cigar Mfg. Co.*, 205 F.2d 204, 98 USPQ 265 (C.C.P.A. 1953) (S.SEIDENBERG & CO'S.); *In re Piquet*, 5 USPQ2d 1367 (TTAB 1987) (N. PIQUET); *Ex parte Sears, Roebuck & Co.*, 87 USPQ 400 (PO Ex. Ch. 1950) (J.C. HIGGINS); *In re Revillon*, 154 USPQ 494 (TTAB 1967) (MLLE. REVILLON held primarily merely a surname); TMEP §1211.01(b)(iv). In *In re ... Giger*, ... [supra at 1409,] the Board stated: "Obviously, when a surname is combined with the term MD, the perception of the term would emphasize that the named person is a doctor." The addition of "& SONS" emphasizes that the named person is a parent, meaning ... that the term in the mark is a name.

Further, as to the expired third-party registration for the mark "VOSE & SONS" for pianos, the Examining Attorney contends that:

> The fact that a mark was once registered does not automatically make it registrable again. Each application must be reviewed for

10

registrability at the time of filing the application.  Thus, the applicant's argument that it is entitled to register the proposed mark because the mark was once registered is incorrect.  Trademark rights are not static, and eligibility for registration must be determined on the basis of the facts and evidence in the record at the time registration is sought.  *In re Morton-Norwich Products, Inc.*, 671 F.2d 1332, 213 USPQ 9, 18 (C.C.P.A. 1982); *In re Thunderbird Products Corp.*, 406 F.2d 1389, 160 USPQ 730 (C.C.P.A. 1969).  The evidence at the present time amply demonstrates that the proposed mark VOSE & SONS is primarily merely a surname.

We concur with the Examining Attorney that, considered as a whole, the mark "VOSE & SONS" is primarily merely a surname. As the predecessor to our primary reviewing court stated in the analogous case of In re I. Lewis Cigar Mfg. Co., <u>supra</u> at 98 USPQ 267, involving an application to register the mark "S. SEIDENBERG & CO'S." for cigars (emphasis added):

It seems to us that "Seidenberg" is clearly a surname which can have no other meaning or significance than that of a surname.  Nor do we believe that the addition of the single initial is sufficient to remove it from that category.  Further, **the addition of the expression "& Co's.,"** whether it be in the abbreviated and possessive form present here, or in the usual form, **cannot be held to distinguish or relate to anything except the surname "Seidenberg."**

It is our conclusion, therefore, that the action of the Patent Office in holding that the involved mark was not more than primarily merely a surname, within the meaning of Section 2(e), was correct.

Likewise, in this case, the addition of the notation "& SONS" to the surname "VOSE" cannot be said to distinguish or relate to anything other than the surname which precedes such notation since "& SONS" serves only to emphasize or reinforce that "VOSE"

11

is the surname of the sons' parents.  <u>See</u> In re Etablissements Darty et Fils, <u>supra</u> [fact that "Darty et Fils, as used on the specimens, translates as "Darty and Son" "in itself, is highly persuasive that the public would perceive DARTY as a surname"].

Thus, as stated by the Board in In re Giger, <u>supra</u> at 1409, in affirming the refusal to register the mark "GIGER MD" for various items of medical apparatus, exercise machines and gymnastic apparatus on the ground of such mark being primarily merely a surname (emphasis added):

> Obviously, when a surname is combined with the term MD, the perception of the term would emphasize that the named person is a doctor. **The fact that applicants have added another term to a surname does not automatically detract from the surname significance of the term.  This is particularly true in the case of** titles and other **indicia that simply reinforce the surname meaning of the term.** *See In re Rath*, 402 F.3d 1207, 74 USPQ2d 1174 (Fed. Cir. 2005) (Federal Circuit affirmed board decision holding that DR. RATH was primarily merely a surname); *In re I. Lewis Cigar Mfg. Co.*, ... [<u>supra</u>] ("S. SEIDENBERG & CO.'S" [sic] held primarily merely a surname) ....

Furthermore, the fact that the mark "VOSE & SONS" was at one time registered on the Principal Register (although the probative value thereof is limited since, as noted previously, whether or not such registration issued pursuant to a claim under Section 2(f) of acquired distinctiveness is not apparent) does not justify registration in light of the substantial evidence herein as to the primary significance of the term "VOSE" as a surname. Accordingly, and since there is nothing nebulous or incongruous about the notation "& SONS" which would serve to detract from the

demonstrated surname significance of the term "VOSE" and which is its sole significance, we conclude that the Examining Attorney has shown that the mark "VOSE & SONS" would be perceived by the purchasing public for applicant's goods as primarily merely a surname within the meaning of Section 2(e)(4) of the statute and that applicant has failed to rebut such showing.

**Decision**:  The refusal under Section 2(e)(4) is affirmed.