# United States Court of Appeals for the Federal Circuit

---

**TERESA H. EARNHARDT,**
*Appellant*

v.

**KERRY EARNHARDT, INC.,**
*Appellee*

---

2016-1939

---

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board in Nos. 85/383,910, 85/391,456, 91205331, 91205338.

---

Decided: July 27, 2017

---

ULY SAMUEL GUNN, Alston & Bird LLP, Atlanta, GA, argued for appellant. Also represented by LARRY CURRELL JONES, Charlotte, NC.

DAVID BLAINE SANDERS, Robinson Bradshaw & Hinson, P.A., Charlotte, NC, argued for appellee. Also represented by CARY BAXTER DAVIS, MATTHEW FELTON TILLEY.

---

Before WALLACH, CHEN and HUGHES, *Circuit Judges.*

CHEN, *Circuit Judge.*

This case arises from Kerry Earnhardt, Inc.'s (KEI) trademark application with the U.S. Patent and Trademark Office (PTO) to register the mark EARNHARDT COLLECTION for "furniture" in class 20 and "custom construction of homes" in class 37. Teresa Earnhardt opposed registration based on an asserted likelihood of confusion with her registered marks in DALE EARNHARDT for goods and services in various classes and her common law rights in EARNHARDT and DALE EARNHARDT acquired by use with various goods and services. She also opposed registration because in her view EARNHARDT COLLECTION is "primarily merely a surname" under Section 2(e)(4) of the Lanham Act. 15 U.S.C. § 1052(e)(4) (2012). The Trademark Trial and Appeal Board (Board) dismissed Teresa Earnhardt's opposition because it found that there was no likelihood of confusion between EARNHARDT COLLECTION and Teresa Earnhardt's marks, and it found that EARNHARDT COLLECTION is not primarily merely a surname. J.A. 38. Teresa Earnhardt appeals the Board's finding that EARNHARDT COLLECTION is not primarily merely a surname. Because it is unclear whether the Board's analysis properly applied our decision in *In re Hutchinson Technology Inc.*, 852 F.2d 552, 554 (Fed. Cir. 1988), we vacate and remand for reconsideration.

BACKGROUND

Kerry Earnhardt is the co-founder and CEO of KEI, the son of Dale Earnhardt (a professional race car driver who passed away in 2001), and the stepson of Teresa Earnhardt. J.A. 11. In addition to racing cars professionally from 1992–2006, Kerry Earnhardt has developed other business ventures through KEI, including the EARNHARDT COLLECTION lifestyle brand. KEI has licensed the mark EARNHARDT COLLECTION to Schumacher Homes, Inc. for use in connection with custom home design and construction services.

Teresa Earnhardt is the widow of Dale Earnhardt and the owner of trademark registrations containing the mark DALE EARNHARDT in typed and stylized form and common law rights in the use of the mark DALE EARNHARDT in connection with various goods and services, which KEI acknowledges. J.A. 12. KEI further admits that Teresa Earnhardt has sold "licensed merchandise" totaling millions of dollars since 2001. J.A. 9. While KEI's trademark application was still pending at the PTO, Teresa Earnhardt filed notices of opposition seeking to prevent KEI from registering EARNHARDT COLLECTION based on a likelihood of confusion with Teresa Earnhardt's marks and based on the position that KEI's mark is primarily merely a surname.

The Board found that Teresa Earnhardt did not establish a likelihood of confusion between her marks and KEI's proposed mark. J.A. 17–31 (citing *In re E.I. DuPont de Nemours & Co.*, 476 F.2d 1357 (C.C.P.A. 1973)). It also found that EARNHARDT COLLECTION is not primarily merely a surname. The Board explained that although the term "Earnhardt" by itself has the "look and feel" of a surname, the addition of the term "collection" diminishes the surname significance of "Earnhardt" in the mark as a whole. J.A. 31–38. The Board found that "collection" is "not the common descriptive or generic name" for KEI's goods and services. J.A. 33–35, 37. It also explained that the issues in this case are similar to those raised in *Hutchinson*, 852 F.2d at 554–55, a case in which we found that the term "technology" was not "merely descriptive" of Hutchinson's goods. J.A. 37 n.32.

Teresa Earnhardt appeals. The parties agree that the term "Earnhardt" by itself is primarily merely a surname, but they disagree on whether the mark EARNHARDT COLLECTION as a whole is primarily merely a surname. Appellant Br. 8, 10; Appellee Br. 15.

We have jurisdiction under 28 U.S.C. § 1295(a)(4) (2012).

DISCUSSION

I.

"The basic goal of the [Lanham] Act . . . [i]s 'the protection of trademarks, securing to the owner the good will of his business and protecting the public against spurious and falsely marked goods.'" *DuPont de Nemours*, 476 F.2d at 1360 (quoting S. Rep. No. 1333, 79th Cong., 2d Sess. 1 (1946)). A mark is "any word, name, symbol, or device or any combination thereof used by any person to identify and distinguish his or her goods, including a unique product, from those manufactured or sold by others and to indicate the source of the goods, even if that source is unknown." *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 767–68 (1992) (internal quotation marks omitted). "In order to be registered, a mark must be capable of distinguishing the applicant's goods from those of others." *Id.* (citing 15 U.S.C. § 1052). One ground for denying registration of a mark is if the mark is "primarily merely a surname," under the notion that a surname is "shared by more than one individual, each of whom may have an interest in using his surname in business." *In re Etablissements Darty et Fils*, 759 F.2d 15, 17 (Fed. Cir. 1985); 15 U.S.C. § 1052(e)(4).

A mark is primarily merely a surname if the surname "is the primary significance of the mark as a whole to the purchasing public." *Hutchinson*, 852 F.2d at 554. Because EARNHARDT COLLECTION is a combination of two terms, the PTO must consider the mark "in its entirety" rather than merely "consider[ing] the mark as two separate parts." *Id.* Thus, to evaluate whether the commercial impression of a mark that combines a surname with a second term is still primarily merely the surname, the PTO must determine whether the primary significance of the mark as a whole in connection with the

recited goods and services is that of the surname. *Id.* A key element in such an inquiry is determining the relative distinctiveness of the second term in the mark. *Id.* at 554–55.

"Marks are often classified in categories of generally increasing distinctiveness . . . they may be (1) generic; (2) descriptive; (3) suggestive; (4) arbitrary; or (5) fanciful." *Two Pesos*, 505 U.S. at 768. "The latter three categories of marks, because their intrinsic nature serves to identify a particular source of a product, are deemed inherently distinctive and are entitled to protection." *Id.*

"In contrast, generic marks—those that refe[r] to the genus of which the particular product is a species—are not registrable as trademarks." *Id.* (internal citations and quotation marks omitted). "A generic term is the common descriptive name of a class of goods or services." *H. Marvin Ginn Corp. v. Int'l Ass'n of Fire Chiefs, Inc.*, 782 F.2d 987, 989 (Fed. Cir. 1986); *accord In re Cordua Rests., Inc.*, 823 F.3d 594, 599 (Fed. Cir. 2016) (quoting *Princeton Vanguard, LLC v. Frito-Lay N. Am., Inc.*, 786 F.3d 960, 965 (Fed. Cir. 2015)). "The critical issue in genericness cases is whether members of the relevant public primarily use or understand the term sought to be protected to refer to the genus of goods or services in question." *H. Marvin Ginn Corp.*, 782 F.2d at 989–90.

"Marks which are merely descriptive of a product are not inherently distinctive," and "a descriptive mark that otherwise could not be registered under the [Lanham] Act may be registered if it 'has become distinctive of the applicant's goods in commerce.'" *Two Pesos*, 505 U.S. at 769 (quoting 15 U.S.C. § 1052(f)). To distinguish marks that are merely descriptive from ones that are suggestive, we have explained:

> The line between a mark that is merely descriptive and may not be registered absent secondary

> meaning, and one that is suggestive and may be registered, is that a suggestive mark requires imagination, thought and perception to reach a conclusion as to the nature of the goods, while a merely descriptive mark forthwith conveys an immediate idea of the ingredients, qualities or characteristics of the goods.

*DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 1251–52 (Fed. Cir. 2012) (internal citations and quotation marks omitted). For descriptiveness, "[t]he question is not whether someone presented with only the mark could guess what the goods or services are. Rather, the question is whether someone who knows what the goods and services are will understand the mark to convey information about them." *Id.* at 1254 (quoting *In re Tower Tech, Inc.*, 64 U.S.P.Q.2d 1314, 1316–17 (T.T.A.B. 2002)).

"The [PTO's] placement of a mark on the fanciful-suggestive-descriptive-generic continuum is a question of fact, which this court reviews for substantial evidence." *In re Oppedahl & Larson LLP*, 373 F.3d 1171, 1173 (Fed. Cir. 2004). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *In re Bayer Aktiengesellschaft*, 488 F.3d 960, 964 (Fed. Cir. 2007) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197 (1938)) (internal quotation marks omitted).

In addition, when determining whether a mark with multiple components is registrable, "the Board may not 'dissect' the mark into isolated elements." *DuoProSS Meditech Corp.*, 695 F.3d at 1252. "[T]he Board may weigh the individual components of the mark to determine the overall impression or the descriptiveness of the mark and its various components." *In re Oppedahl & Larson*, 373 F.3d at 1174. To perform its analysis, the Board "must also determine whether the mark as a whole,

i.e., the combination of the individual parts, conveys any distinctive source-identifying impression contrary to the descriptiveness of the individual parts." *Id.* at 1174–75.

## II.

Teresa Earnhardt contends that the Board made an incomplete assessment of the term "collection" in KEI's proposed mark, by looking only to whether that term is generic for the goods and services recited in KEI's application, and failing to consider whether that term is merely descriptive. And therefore, in Teresa Earnhardt's view, the Board erroneously concluded that the addition of "collection" to the mark sufficiently diminished the surname significance of "Earnhardt" simply because "collection" is not generic for KEI's goods and services. She concludes that, under the proper analysis, the addition of the merely descriptive "collection" term does not alter the primary significance of the mark as primarily merely a surname, when the mark is used in connection with KEI's furniture or custom home construction services.

KEI <u>agrees</u> that the Board had to determine whether "collection" is either generic or merely descriptive of KEI's goods and services. Appellee Br. 12–15. KEI responds, however, that the PTO properly found that "collection" is neither generic nor merely descriptive. Both parties focus on *Hutchinson*, 852 F.2d at 554, as the precedent that governs this case.

In *Hutchinson*, the PTO concluded that the mark HUTCHINSON TECHNOLOGY was primarily merely a surname because Hutchinson was a surname and the applicant conceded that "technology" described many goods similar to those listed in the application (which included electronic components and computer products). *Id.* The PTO found that the term "technology" was "not the common descriptive or generic name" for Hutchinson's goods, but "technology" was merely descriptive of those goods based on the "conceded common usage of 'technolo-

gy' in connection with goods of th[at] type." *Id.* The PTO thus found that "the inclusion of 'technology' in the mark as a whole did not alter the surname significance of 'Hutchinson' or create the impression that HUTCHINSON TECHNOLOGY was not primarily merely a surname." *Id.*

We reversed because (1) the PTO did not properly consider the mark as a whole, and (2) it incorrectly found that "technology" was "merely descriptive" of the recited goods. *Id.* We explained that "[m]any other goods possibly may be included within the broad term 'technology,' but that does not make the term descriptive of all of those goods." *Id.* We determined that "technology" did not convey an "immediate idea" of the "ingredients, qualities, or characteristics of the goods" listed in the application, and therefore "h[e]ld that the [PTO] clearly erred by finding that the term 'technology' is merely descriptive of Hutchinson's goods." *Id.* at 555. Thus, evaluating whether "technology" was merely descriptive was necessarily part of our analysis in *Hutchinson*. *Id.* We further held that "the [PTO's] findings on the effect of the inclusion of 'technology' in the mark, as a whole, also [we]re clearly erroneous" because "[t]he [PTO] never considered what the purchasing public would think when confronted with the mark as a whole." *Id.* at 554–55.

That second holding from *Hutchinson*—the requirement of considering the mark as a whole—is an important one, because it recognizes that even though the individual components of a mark may not be separately registrable, the combination of those components into a single mark at times may still be registered. As one example, our predecessor court held that the mark SUGAR & SPICE is not merely descriptive of bakery products in a trademark application. *In re Colonial Stores, Inc.*, 394 F.2d 549, 549, 553 (C.C.P.A. 1968). The court explained that although the two terms of the mark are each descriptive of bakery products, the combination of the terms into the mark

SUGAR & SPICE evoked a "reminiscent, suggestive or associative connotation" derived from the well-known nursery rhyme "sugar and spice and everything nice." *Id.* at 551–53. The court reversed the PTO's refusal to register the mark because "when combined and used on bakery goods, ['sugar & spice'] . . . are not 'merely descriptive' of such goods within the meaning of section [1052]," and the "immediate impression evoked by the mark may well be to stimulate an association of 'sugar and spice' with 'everything nice.'" *Id.* at 552.

## III.

Here, we agree with the parties that the Board had to determine whether the addition of the term "collection" to the mark EARNHARDT COLLECTION altered the primary significance of the mark as a whole to the purchasing public, and that, in view of *Hutchinson*, part of this inquiry includes determining whether "collection" is merely descriptive of KEI's goods and services. But we cannot address the parties' arguments as to whether "collection" is merely descriptive of KEI's goods and services because the Board's opinion leaves us uncertain as to its findings on this issue. *See, e.g.*, *Pers. Web Techs., LLC v. Apple, Inc.*, 848 F.3d 987, 992 (Fed. Cir. 2017) (describing the "basic principles of administrative law" governing the PTAB's obligation to explain itself).

Specifically, upon review of the Board's decision, it is unclear whether the Board engaged in a merely descriptive inquiry for the term "collection" or if the Board improperly constricted its analysis to only a genericness inquiry. On one hand, the Board's decision could be understood as finding that "collection" is neither generic nor merely descriptive of KEI's goods and services, and adding "collection" to "Earnhardt" alters the surname significance of Earnhardt in the mark as a whole, such that the purchasing public would not consider the mark as a whole to be primarily a merely surname. J.A. 37

(stating that the effect of "collection" on the mark in KEI's application was similar to the effect of "technology" on the mark in *Hutchinson*); J.A. 37 (discounting evidence that "collection" is "commonly used in connection with both 'custom homes' and 'furniture'"). On the other hand, the Board's decision could be understood as finding that a mark consisting of a surname and a merely descriptive term is registrable as a trademark as a matter of law so long as the descriptive term is not generic. *E.g.*, J.A. 34–35 (explaining that "[t]he word, 'collection,' does not refer to any class or category of furniture, and therefore, while it may be descriptive of the manner in which some furniture is marketed or sold, namely by groupings of brands or groupings of uses, it is not generic."); J.A. 36 (finding that "since the term 'collection' is not generic, the addition of the term to the surname Earnhardt does diminish the surname significance"). While the Board did state that "collection" is "not the common descriptive or generic name" for KEI's furniture and custom home construction services, J.A. 37, it is less than clear that the Board intended its usage of "common descriptive" to represent a finding that "collection" is not merely descriptive. *See, e.g.*, *In re Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 828 F.2d 1567, 1570 (Fed. Cir. 1987) ("The Board found that the term CASH MANAGEMENT ACCOUNT is generic or commonly descriptive, not 'merely descriptive.'").

The Board relied heavily on *Hutchinson* for its analysis, but in *Hutchinson*, we did not find that any mark consisting of a surname and a merely descriptive term is registrable as a trademark as a matter of law, nor did we find that such a mark is always primarily merely a surname and not registrable as a matter of law. 852 F.2d at 554–55. Instead, the PTO had to make two inquiries. First, it had to determine whether the additional term was "merely descriptive" of the applicant's goods and services, and second, it had to determine whether adding

the additional term to the surname altered the primary significance of the mark as a whole to the purchasing public. *Id.* Because here, the Board did not adequately explain whether "collection" was merely descriptive of KEI's goods and services, J.A. 35–38, its analysis of the mark as a whole was likewise deficient.

Under these circumstances, we vacate and remand this case to the Board to clarify its findings and analysis, consistent with our explanation of *Hutchinson.*

CONCLUSION

We vacate and remand the Board's finding that KEI's mark EARNHARDT COLLECTION for furniture and custom construction of homes is not primarily merely a surname. On remand, the Board should determine (1) whether the term "collection" is merely descriptive of KEI's furniture and custom home construction services, and (2) the primary significance of the mark as a whole to the purchasing public.

**VACATED AND REMANDED**

COSTS

No costs.